149 So.2d 723 (1963)
Bertiel BOWMAN et al.
v.
LIBERTY MUTUAL INSURANCE COMPANY et al.
No. 5724.
Court of Appeal of Louisiana, First Circuit.
January 18, 1963.
Rehearing Denied February 22, 1963.
*724 Jones, Walker, Waechter, Poitevent, Carrere & Denegre, by John V. Baus and Thomas G. Rapier, New Orleans, for appellants.
Sims & Mack, by Robert J. Mack, Hammond, for appellees.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
HERGET, Judge.
From a judgment for personal injuries in favor of plaintiff, Bertiel Bowman, against defendants Liberty Mutual Insurance Company and John C. Hughes and judgment in favor of Henry Bowman as administrator of the estate of his minor child Hazel Bowman against the same defendants awarding damages for personal injuries to said minor and fixing the fees of the expert medical witness who testified in the case and assessing same as costs, Defendants perfected these suspensive appeals.
In the same suit Henry Bowman, husband of Bertiel Bowman, instituted suit against the same Defendants for (1) property damages; (2) his personal injuries; and (3) medical expenses for himself, wife and child resulting from the accident. The Trial Court rejected his claims, from which judgment plaintiff, Henry Bowman, did not appeal.
The injuries for which Plaintiffs seek recovery herein resulted from an automobile accident on June 29, 1959 in the City of Ponchatoula, Louisiana.
In the United States District Court for the Eastern District of Louisiana there was instituted a suit which came up for trial on the 31 day of May, 1960 in which the plaintiff, Bertiel Bowman, in an action against Drexel Furniture Company sought recovery for the damages she sustained in this same accident. Following a trial of the case before a jury which rejected the demands of Plaintiff, the present suit was instituted in the State Court. An exception of res judicata was filed by counsel for Defendants predicated on the contention this suit should be dismissed inasmuch as the same issues had been resolved contrary to the contention of Plaintiff in a court of competent jurisdiction and, accordingly, Plaintiffs were precluded from further action. The Trial Court, for oral reasons assigned, overruled the exception of res judicata and rendered judgment in accordance with the preamble to this opinion. We therefore have before us the resolution of the question of whether or not the suit filed in the United States District Court against Defendant's employer is a bar to a subsequent suit instituted in the State Court against the employee John C. Hughes individually, *725 asserting the same cause of action; secondly, conceding the right of Plaintiff to prosecute the action herein, whether Plaintiffs proved by a preponderance of evidence negligence on the part of John C. Hughes, the employee of Drexel Furniture Company, warranting judgment in favor of Plaintiffs; and, thirdly, the issue as to the quantum awarded appellees. On the trial in the State Court the only evidence offered was medical testimony as the parties stipulated the case would be submitted on the transcript of testimony adduced on the trial in the United States District Court. The basis of the action in the United States District Court was that Hughes was negligent in the operation of a motor vehicle while in the course and scope of his employment, resulting in the same injuries for which Plaintiffs seek recovery herein. As previously stated, the jury returned a verdict denying recovery to Plaintiff. Defendants earnestly contend the judgment of the United States District Court in its decision affirming the jury's resolution of the contention of Plaintiff contrary to Plaintiffs put an end to all Plaintiffs' contentions in respect to the cause of action herein asserted in the State Court and precludes a re-determination of the same issues.
Unlike the common law, the law of Louisiana is codified and under Article 2286 of LSA-C.C. there is provided the essentials necessary to support a plea of res judicata as follows:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
Learned counsel for appellees maintain under the clear provisions of this article in order to maintain the plea of res judicata it is essential the parties be identical. Inasmuch as the evidence reflects the suit in the United States District Court was filed only in the name of Bertiel Bowman against Drexel Furniture Company, the employer of Hughes, whereas in the State Court suit was instituted by Bertiel Bowman, her husband individually and on behalf of his minor child against defendant Hughes and Liberty Mutual Insurance Company, the automobile liability insurer of Drexel, admittedly the insurer of Hughes under an omnibus clause of the policy, the parties are not the same. Consequently, one of the essential elements of Article 2286 of LSA-C.C. is not present and, accordingly, the plea of res judicata is without merit.
As previously noted, on the trial of this suit in the State Court there was offered the transcript of the record taken in the case in the United States District Court. In a review of such transcript we find counsel for Plaintiffs herein without question in his opening address to the jury asserting the only issues involved upon which the jury would be required to pass was whether or not plaintiff's husband, in whose car she was riding, was guilty of negligence in making a right turn across the right lane of traffic in which Mr. Hughes was proceeding was the proximate cause of the accident; or, whether or not Mr. Hughes traveling in the same lane as was Bowman failed to observe Bowman making a turn and negligently ran into the Bowman vehicle, thus causing the injuries. The record reflects in his address to the jury counsel for Drexel Furniture Company, who is likewise counsel for appellants herein, stated:
"MR. BAUS: Ladies and Gentlemen of the Jury, as the Judge told you at the beginning, this is a very, very simple case. It is an automobile accident, and the only question involved is, whose fault caused the accident."
Honorable J. Skelly Wright in his charge to the jury stated:
"* * * The Plaintiff maintains that she was riding as a guest passenger *726 in her husband's car, and that while her husband was making a right-hand turn into Fourth Street off of Highway 190 in the City of Ponchatoula, his car was struck on the right-hand side by the car driven by Mr. Hughes, the employee of the Drexel Furniture Company, the Defendant in this case; that it was negligent for Mr. Hughes to run into the side of the car in the circumstances of this case, and that because of the negligence of Mr. Hughes, and because of his negligence in causing this accident, she was injured. And she is asking you to set a figure in damages which will properly compensate her for the suffering she has undergone as a result of her injury.
"The Defendant, on the other hand, maintains that Mr. Hughes was free from fault in this accident. It maintains that Mr. Hughes was driving on his right, in the right-hand lane, and that the Plaintiff's husband made a turn, a right-hand turn, in front of him, and that is what caused Mr. Hughes to bring his car into the side of the Bowman car."
Following the charge to the jury, Judge Wright requested counsel to take exception to whatever portion of the Court's charge they desired. The record reflects counsel for Plaintiff took none. Counsel for Defendants therein and in the present case objected to portions of the charge dealing with negligence which they did not feel was a proper statement of the law. In the case in the United States District Court no effort was made whatever to deny liability on the basis Hughes, the employee of Drexel, was not at the time of the accident within the scope of his employment. Counsel for appellees earnestly contend in this Court the verdict of the jury and the decision of the United States District Court affirming same may have been predicated upon the fact the jury believed Hughes was not acting within the scope of his employment. Though the record, without question, reflects the sole issue the jury had for its resolution was the determination of who, in fact, was the causation of the injuries for which Plaintiff sought recovery.
It is apparent therefore the cause of action instituted in the United States District Court and the cause of action instituted in the State Court, from which judgment Defendants have appealed, is the same. As to the parties, though the employee Hughes was not named in the suit in the United States District Court, the only contention on which relief was sought against his employer was on the basis of Hughes' negligence while in the scope of his employment. No contention was made if in fact Hughes were negligent his employer would not be responsible but the single issue presented was the question of the negligence of Hughes. It is apparent should we overrule the plea of res judicata and permit trial anew in the State Court of the determination of liability, it would only give condonation to a multiplicity of trials. In this case, unquestionably the real issue and the only issue litigated in the case tried in the United States District Court was the question of the negligence of the employee of Drexel. Therefore, we are of the opinion the plea of res judicata should have been sustained.
In the suit in the United States District Court there was not asserted the claim on behalf of the minor daughter; wherefore, though we are of the opinion the suit of Bertiel Bowman must be dismissed on the plea of res judicata, the suit on behalf of the minor daughter is properly before the Court.
As previously noted, on the trial of this case the evidence offered constitutes the testimony taken on the trial in the United States District Court. From our examination of the evidence tendered, it appears John Hughes, an employee for Drexel Furniture Company, and Henry Bowman were driving their respective vehicles west on East Pine Street when this accident occurred. When Highway 190 enters the City of Ponchatoula it becomes East Pine Street. East Pine Street in *727 Ponchatoula extends easterly and westerly with two lanes provided for vehicular traffic in each direction and with one additional outer lane on each side of East Pine Street provided for oblique vehicular parking. According to the testimony of Mr. Hughes, as he entered the city limits of Ponchatoula knowing he was going to make a right turn on Fifth Street or Range Road in the City of Ponchatoula, he was proceeding in the right or outside lane for traffic in a westerly direction; whereas, preceding Hughes an intervening car and Bowman proceeding in the same direction were occupying the left lane of the two-lane traffic provided for vehicles traveling in a westerly direction. Mr. Hughes was not attempting to pass Bowman or the vehicle which he described as immediately following Bowman, but was proceeding within the speed limitations of the City when, upon reaching North Fourth Street, Bowman, without giving any signals of his intention to turn right suddenly and without any warning which Hughes discerned executed a right turn into the path of the Hughes vehicle, thus creating an emergency from which Hughes attempted to extricate himself by making a sharp turn to the right, despite which he struck the Bowman vehicle. The car which was following Bowman, according to the testimony of Hughes, continued its course and did not stop. Mr. Hughes' explanation of the happening of this accident is, in our opinion, corroborated by the testimony of Officer Jesse DeArmond of the City Police of Ponchatoula who related that he arrived at the scene of the accident at 7:40 p. m. after having been apprised of the occurrence. It was his opinion it would have taken him some five minutes to get to the point of collision from the police station where he was. Certainly this would have been a most expeditious movement on the part of the police officer; therefore, as it appears from the record the accident occurred at 7:35 p. m. on June 29, 1959, a short time subsequent to the longest day of the year, it is apparent no lights were necessary and, in fact, we are satisfied Bowman himself at that time did not have his own vehicle's lights on. However, this becomes of no consequence inasmuch as the evidence clearly reflects Bowman, prior to making the right turn across the lane of traffic in which Hughes was proceeding, did not take any precautions to ascertain such turn could be made with safety. We are satisfied the proximate cause of this accident was the negligence of Bowman in precipitously turning right from the left lane of the double-lane artery provided for westerly traffic into the path of Hughes' vehicle proceeding in the right lane thereof within the normal legal speed limits without giving signal of his intention to so make the turn and in making said turn at a time when Hughes, as a motorist operating his vehicle properly and in due regard to traffic regulations, could have done nothing to have avoided the accident. Accordingly, we are of the opinion the sole proximate cause of the injuries for which Plaintiffs seek recovery is attributable to the negligence of Bowman, and Hughes was in no way at fault.
For these reasons the judgments are reversed.