186 So.2d 670 (1966)
Elie LEGE, Plaintiff and Appellant,
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant and Appellee.
No. 1694.
Court of Appeal of Louisiana, Third Circuit.
April 27, 1966.
Rehearing Denied May 18, 1966.
Writ Refused June 22, 1966.
*671 Jones & Jones, by Jerry G. Jones, Cameron, for plaintiff-appellant.
Hall, Raggio & Farrar, by Thomas L. Raggio, Lake Charles, for defendant-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
Plaintiff seeks workmen's compensation benefits for total and permanent disability resulting from injuries received while employed by Crain Bros., Inc. The defendant, United States Fidelity & Guaranty Company, is the employer's workmen's compensation insurer. Defendant filed an exception of res judicata which was sustained by the district judge. Plaintiff appealed.
The principal issue on appeal is the exception of res judicata.
Plaintiff's petition alleges that on July 23, 1961 his crew was constructing a board road across a marsh to an oil well location; during the noon hour, plaintiff was sitting near the rear of a Crain Brothers truck, eating his lunch; another truck, owned by Willis E. Sears, struck the Crain truck and caused it to move backwards, running over plaintiff and causing the injuries complained of.
To this petition, defendant filed an exception of res judicata and, alternatively, a plea of judicial estoppel. The basis of these exceptions is as follows: On December 26, 1961, plaintiff filed a tort action against Willis E. Sears and his liability insurer alleging the identical injuries and disabilities as in the present suit for workmen's compensation benefits. In said tort action, the defendant in the present suit, United States Fidelity & Guaranty Company, as the workmen's compensation insurer of Crain Bros., Inc., intervened for reimbursement of all workmen's compensation paid the injured employee, as provided for in LSA-R.S. 23:1101-23:1102. As a result of said tort action, judgment was rendered on January 27, 1964 in favor of plaintiff and against the third party tort feasor, Sears, and his liability insurer, for the total sum of $5,489.62. The trial judge's written opinion shows that this judgment consisted of $4,000 for pain and suffering, $782.24 for 4 months' loss of wages and $707.38 for medical expense. The judgment in the tort action also provided that the intervenor receive $5,075.27 out of plaintiff's judgment, as reimbursement for workmen's compensation benefits which the intervenor had paid. This judgment was affirmed by the appellate court, Lege v. Pioneer Casualty Co., La.App., 164 So.2d 634 (3rd Cir. 1964) and is now final.
It is appropriate to explain at this point that plaintiff's injuries consisted of 5 rib fractures, and bruises and contusions to the abdomen, hip and low back, all on the left side, which injuries were received when the large dual wheels of the truck rolled against him. The court found the fractures, bruises and contusions healed normally in about 4 months. Plaintiff also claimed that a left inguinal hernia resulted from the accident, but the trial judge found no causal relationship. Additionally, plaintiff contended he suffered a low back injury, but the trial judge found the pre-existing *672 spondylolisthesis was not caused or aggravated by the accident. After these findings by the district judge, workmen's compensation payments were stopped and the instant suit followed.
In the present suit, the defendant points out that the allegations as to injuries and disabilities in the tort action are identical to those in the present suit for workmen's compensation benefits. Defendant argues that the nature, extent and duration of these injuries and disabilities were fully litigated and adjudicated in the tort action and hence the judgment therein is res judicata as to the present suit.
Our statutory law on res judicata is set forth in LSA-C.C. Article 2286 as follows:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
The general purpose of res judicata is to put an end to litigation which involves the same parties, the same object and the same cause of action. Unlike the common law doctrine of res judicata, which is liberally construed, our own doctrine is strictly construed and will not be applied unless it clearly meets all of the statutory conditions. Durmeyer v. Streiffer, 215 La. 585, 41 So.2d 226; Rouseo v. Atlas Finance Co., La.App., 167 So.2d 495; Knighten v. American Auto. Ins. Co., La. App., 121 So.2d 344.
We will first discuss the requirement of the codal article that "the demand must be between the same parties, and formed by them against each other in the same quality." The parties here are the same. But they did not have the same "quality" or interests as against each other in the tort action as in this compensation suit. In the tort action, plaintiff was seeking damages for personal injuries and it was to his interest to show that the injuries and disabilities were great. The workmen's compensation insurer was an intervenor in the tort action, under the provisions of L.S.A-R.S. 23:1101-23:1102. Our jurisprudence has established that the rights of an intervenor under this statute are those of a subrogee of the employee, for reimbursement of any workmen's compensation benefits paid or required to be paid. International Paper Co. v. Arkansas & L. M. Railway Co., La.App., 35 So.2d 769; Foster & Glassell Co. v. Knight Bros., 152 La. 596, 93 So. 913; Southern Farm Bureau Casualty Ins. Co. v. Travelers Ins. Co., La.App., 164 So.2d 609. In this capacity in the tort action, the intervenor had no right except to ask for reimbursement out of any judgment rendered in favor of Lege. The intervenor could not introduce evidence or argue to the court that the injuries and disabilities were greater or lesser and the issue of disability under the Workmen's Compensation Act was not pleaded, litigated or decided as between these parties. The intervenor argues that its counsel was present during the trial of the tort action and its interest was to minimize the injuries and disabilities. This is not necessarily correct. For instance, the intervenor had continued to pay workmen's compensation and might have been interested in showing that the damages were at least sufficient to reimburse the intervenor for its compensation payments. It is our conclusion that although the parties were the same, the issue as to the extent and duration of plaintiff's disability was not "formed" or litigated by them against each other in the same quality.
The cases cited by defendant, La.App., McKnight v. State, 68 So.2d 652 (1st Cir. 1953); Muntz v. Algiers & Gretna Railway Co., 116 La. 236, 40 So. 688 (1906); and Bowman v. Liberty Mutual Ins. Co., La. App., 149 So.2d 723 (1st Cir. 1963), are all readily distinguishable from the present matter in that each involved vicarious liability. The general holding in these cases is that where the first suit, whether against *673 the primary or secondary obligor, determines the issue of negligence adverse to the plaintiff, a second suit against the other will be subject to the exception of res judicata. The present suit does not involve vicarious liability but instead involves an intervenor in the first suit, whose rights are limited by statute to reimbursement, and whose interests and quality in the second suit are not the same.
Now let us turn to the requirement that "the demand must be founded on the same cause of action." As used here, the term "cause of action" refers to the fact or facts which give rise to the judicial relief sought. In the tort action, the demand is for damages for injuries and disability under our general tort law, LSA-C.C. Article 2315. The facts relevant and admissible to show such damages are not the same as those for determining benefits for injuries and disability under our Workmen's Compensation Statute. The statute allowing an injured employee to seek both compensation benefits and damages from a third party tort feasor, LSA-R.S. 23:1101, recognizes this difference by stating that in the tort action, compensation benefits shall not "be regarded as establishing a measure of damages for the injury." One example of this difference is that under our Workmen's Compensation Law, plaintiff is disabled if he cannot return to work of the same nature. He is entitled to full benefits even though he can return to lighter work. But, in tort cases, the ability to perform lighter work is definitely a minimizing factor in determining damages. In the tort case involved here, the court made a factual finding that plaintiff had lost wages of $782.24 during four months disability, but this is not the same as a factual finding regarding plaintiff's disability under Workmen's Compensation Law. The factual basis of the two demands is different and hence the "cause of action" is different.
We need add little to the above discussion to show that the "thing demanded" is not the same. In the tort action, damages for negligence were demanded. In the present suit, benefits under our Workmen's Compensation Statute are sought. Both consist of money, but they are essentially different demands. The rules for determining whether the demands are granted and the amounts thereof are entirely different and they are different objects.
Now let us turn to defendant's alternative plea of judicial estoppel. Defendant contends this common law doctrine was recognized in California Company v. Price, 234 La. 338, 99 So.2d 743 (1957) as follows:
"Moreover, even if res judicata cannot be strictly applied the parties to this litigation are bound by judicial estoppel which extends to every material allegation or statement made on one side in the prior Price case and denied on the other which was determined in the course of the proceedings."
Defendant apparently contends that in the tort action the plaintiff alleged disability, the intervenor denied it, and the court decided the issue. Hence, that the parties are now estopped to raise the issue again. Regardless of whether judicial estoppel can be urged by exception before answer, the doctrine has no application here. As stated above, the issue of disability under the Workmen's Compensation Act was not litigated between these parties and was not decided by the court. Plaintiff is not estopped to raise this issue in the present case.
For the reasons assigned, the judgment appealed is reversed and set aside; and this case is remanded to the district court for further proceedings. All costs of this appeal are assessed against the defendant. Costs in the trial court are to be determined after completion of proceedings there.
Reversed and remanded.
On Application for Rehearing. En Banc. Rehearing denied.