206 So.2d 529 (1968)
Clyde A. HEINE, Plaintiff-Appellant,
v.
Mrs. Elvira Prescott MUSE, Defendant-Appellee.
No. 7241.
Court of Appeal of Louisiana, First Circuit.
January 29, 1968.
*530 C. Alvin Tyler, Baton Rouge, for plaintiff-appellant.
Ashton L. Stewart, of Laycock & Stewart, Baton Rouge, for defendant-appellee.
Before LANDRY, REID and BAILES, JJ.
BAILES, Judge.
Plaintiff brings this action to recover the price of certain property he purchased from the defendant, and to recover damages resulting to him from certain alleged misrepresentation by defendant in the sale of the immovable property to plaintiff. The trial court rendered judgment on an exception of res judicata in favor of defendant. Plaintiff appealed. We find the court a quo was correct in its judgment and do affirm. See 189 So.2d 40 for previous litigation between the parties.
Plaintiff alleged that he purchased a lot in the City of Baton Rouge, and that there existed on this property a commercial building which he continued to use for commercial purposes until it was destroyed by fire a few months after the acquisition. The plaintiff, desiring to rebuild the property for use as a store, applied for a building permit. His application was denied on the ground that the property was zoned for residential use, and that the commercial use of the property was non-conforming. Then plaintiff brought this suit, alleging that his vendor, the defendant herein, had represented that the lot was zoned commercial when he bought it, a misrepresentation entitling him to the return of the purchase price and a recovery in damages.
After destruction of the building, the promissory note made by the plaintiff for the unpaid balance of the purchase price and which was payable in monthly installments became delinquent. In the previous litigation between the parties, that is, that for foreclosure of the mortgage and recovery of the purchase price, the defendant therein and plaintiff herein, Clyde A. Heine filed no answer, made no appearance and judgment was rendered by default against him for the balance due on the note, plus interest and attorney fees.
Defendant, Mrs. Elvira Prescott Muse, filed an exception of res judicata on the ground that the judgment rendered in above mentioned foreclosure proceeding was a bar to this instant action.
*531 The theory of res judicata established in our law is enunciated in Article 2286 of the Civil Code:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality." LSA-C.C. Art. 2286.
In order to avoid the possibility of the same question becoming the subject matter of litigation indefinitely renewed, thereby preventing a decree of court from being enforced, this article elevates to the authority of truth that which has been decided by a definitive judgment in contentious proceedings. RES JUDICATA PRO VERITATE HABETUR. This truth or the authority of the thing adjudged, however, is simply a legal verity, or stated otherwise, is merely relative. It exists and is opposable to the renewal of an action through the exception of res judicata only when the three conditions enumerated are present.
As a matter of stricti juris and by rule and jurisprudence too well established to require citation, for defendant's exception to act as a bar to the present suit there must exist between the prior suit and the present one a concurrence in the identity of the cause of action, the object or thing demanded and the parties and their qualities. This concurrence does, in fact, exist and the judgment appealed from will be affirmed.
First, the cause of action on which each suit involved is grounded must be identical. In general terms, the cause of action is the fact or facts, juridical or material, which gives rise to the right claimed or the relief sought. See Lege v. United States Fidelity and Guaranty Company, La.App., 186 So.2d 670, 673; Planiol, Traite Elementaire de Droit Civil, Translation by the Louisiana State Law Institute, Vol. 2, Part 1, page 37. There can be no question that the facts of the prior or foreclosure suit are the same giving rise to the present action. In both, the facts surrounding the confection of an alleged contract of sale of a lot and building in the City of Baton Rouge are the only facts relevant and admissible. The existence of rights and obligations or the non-existence thereon flowing from this transaction must be proved from within the framework of this single set of facts. Therefore, the cause of action of the original suit was identical to the cause of action on which this suit is based.
As Planiol notes, Planiol, supra at 37, and as a review of our jurisprudence will reveal, no general rule to determine the concurrence of identity of the object demanded has been formulated. This is of no great import, however, since the question is only a practical one of comparing the thing sought to be recognized as legally extant by each suit. Difficulties may arise when this comparison requires a determination of whether the object of the second suit was impliedly adjudicated by the first decision, but such is not a difficulty here.
An analysis of the pleadings will show that the thing demanded in the original suit was recognition of the validity of the obligation created by a contract of sale which was evidenced by a certain promissory note held by petitioner. Coincidentally, recognition of the mortgage securing this obligation was demanded. In the present suit, plaintiff seeks to avoid this same obligation, in which case he would be entitled to a return of the purchase price and damages.
Plaintiff-appellant argues, in effect, that the foreclosure suit was one on a note and mortgage, while the thing demanded in the present suit is a claim for damages. This contention ignores the basis on which each suit is grounded, that is, the underlying obligation on which each suit rests and on which there must be judicial determination.
*532 Since a mortgage, being only an accessory to a debt, cannot be the foundation of a separate and distinct demand from the obligation which it purports to secure, and since promissory notes are only evidence of an obligation, the original suit, of necessity, brought into contention the validity of the contract of sale. The judgment therein recognized the contract and the obligation thus created as valid, the amount evidenced by the notes as due and owing and execution on the mortgage as a means of securing payment. In the present case, though plaintiff's petition merely prays for a monied judgment, it would be necessary to declare the sale a nullity in order to return the purchase price and allow damages. Therefore, the thing demanded in the present suit is a judgment decreeing the invalidity of the sale. This same thing was the demand of the earlier suit though the demand was presented in support of the sale rather than in opposition. We can only conclude that a decision on the validity of the contract of sale is the thing demanded in each of these actions, though in each petition the demand is couched in terms of the effects flowing therefrom rather than in terms of the basic question presented.
Finally, to justify a court in rejecting a demand as barred by the authority to the thing adjudged, it is necessary that the judgment opposed to the new action be one resulting from a litigation between the same parties acting in the same qualities. This requirement refers, of course, not merely or necessarily to the material identity of the parties but to their identity in capacity or quality. See Dalton v. Suhren, La.App., 128 So.2d 456; Lege v. United States Fidelity and Guaranty Company, supra. In the case before us, however, we find both material identity and identity of quality. In both suits Mr. Clyde A. Heine and Mrs. Elvira Prescott Muse are not only the material parties to the litigation but are also parties in both suits in their quality as vendor and vendee.
Having found the concurrence of identity of the conditions provided in Article 2286 of the Civil Code as prerequisite to the application of the doctrine of res judicata, the trial court's judgment maintaining the exception predicated thereon must be affirmed.
As such, any exception which plaintiff-appellant might have urged against the validity of the sale is forever barred by the original judgment whether asserted in the form of an affirmative defense or by an action brought for that purpose. Harvin v. Blackman, 121 La. 431, 46 So. 525; Ludeling v. Chaffee, 40 La.Ann. 645, 4 So. 586; Succession of Whitner, 165 La. 769, 770, 116 So. 180. Having failed to assert this means of defeating the claim against him and allowing judgment to be rendered against him, plaintiff is precluded from raising the question by subsequent suit.
For the reasons assigned the judgment appealed from is affirmed, appellant to pay all costs.
Affirmed.