BLANCHE, Judge.
The present lawsuit arises out of a dispute between neighboring property owners. PlaintifLappellant is the owner of the Eldorado Plantation which lies geographically to the north of the Kenmore Plantation which is owned by the defendant-appellee. Plaintiff filed suit, in the 18th Judicial District Court, seeking an injunction prohibiting the defendant from obstructing the natural drainage from Eldorado Plantation to Kenmore Plantation and for damages as a result of said alleged obstruction.
This is not the first time these parties have come before this Court. On May 19, 1964 (in appellate No. 7336), plaintiff herein filed suit against the defendant, seeking a preliminary injunction and eventually a permanent injunction prohibiting the defendant from continuing to obstruct the natural drainge of water from Eldorado to Kenmore and to remove the obstacles then obstructing such natural drainage. The lower court gave judgment on the merits in favor of the defendant, Holloway Planting Company, Inc., rejecting plaintiff’s demands and dismissing plaintiff’s suit. This judgment was read, rendered and signed in open court on June 13, 1967. An appeal was taken to this Court, and the decision of the trial court was amended to recognize a servitude of drain on Kenmore Plantation in favor of plaintiff, Eldorado Plantation.[1] On December 10, 1970, Jerry K. Nicholson, d/b/a Nicholson Planting and Manufacturing Company, filed this new suit in Pointe Coupee Parish, again seeking an injunction prohibiting defendant, Holloway Planting Company, Inc., from obstructing or continuing to obstruct drainage from Eldorado Plantation to Kenmore Plantation and from interfering or continuing to interfere with the servitude of drain existing in favor of Eldorado Plantation onto and over Kenmore Plantation. Plaintiff also petitioned for an injunction requiring defendant to remove obstructions or blockages to existing drainage.
In addition to the petition, plaintiff filed interrogatories, requests for admission of facts and genuineness of documents, and a motion and order for production of documents. Defendant filed objections to all interrogatories, requests for admissions and a motion for production of documents. In addition, defendant filed an exception of vagueness and an exception of res judi-cata, insofar as the present suit relates to obstructions existing prior to September 26-28, 1966 (the date of trial of the earlier case between these parties). The trial court rendered judgment in favor of the defendant, maintaining the exceptions of vagueness and res judicata, insofar as the present suit relates to obstructions existing prior to September 26--28, 1966, and striking all the plaintiff’s interrogatories, requests for admission of facts and genuineness of documents and motion and order for production of documents. The plaintiff then perfected appeals from each of these judgments.
Appellee moved, in this Court, to dismiss appellant’s appeal from the judgments sustaining the exception of vagueness and the exception to appellant’s interrogatories, requests for admissions and motion for production of documents. In a previous decision this Court dismissed the appeal from the judgment sustaining the exception of vagueness and the judgment concerning the interrogatories, requests for admissions and production of documents on the basis that these judgments were merely interlocutory judgments and thus not reviewable absent a showing of irreparable *77 injury to appellant. However, this Court made clear at that time that appellant, having timely appealed the appealable judgment upon the exception of res judicata, that review may be had on said appeal as to the propriety of the trial court’s interlocutory judgments of which appellant complains.
THE EXCEPTION OF RES JUDICATA
Essentially, present appellant, as the owner of Eldorado Plantation, sues appellee as the owner of the adjoining Kenmore Plantation, seeking a judgment enjoining the defendant:
“ * * * from obstructing and/or continuing to obstruct the natural flow and drainage of water from El Dorado Plantation to Kenmore Plantation * * * and, as a natural and necessary corollary thereto * * * to remove or undo the obstructions and/or blockages in the seven existing drains referred to in the above petition * * (Plaintiff’s Petition, Record No. 8887, p. 14)
In the prior suit which was filed in 1964 (appellate No. 7336), the same plaintiff, as owner of the same Eldorado Plantation, sued the same defendant as owner of the same Kenmore Plantation and prayed for judgment enjoining defendant from:
“ * * * continuing to obstruct the natural drainage of water from Eldorado Plantation to Kenmore Plantation and, as a natural and necessary corollary thereto, to remove the obstacles now obstructing such natural drainage of water * * * and * * * to restore to their natural and original width and depth the channel and bed of each of the said natural drains located at Sites 1 through 7, inclusive, and along their original courses as shown on ‘Nicholson A’ * * (Plaintiff’s Second Supplemental and Amending Petition, Record No. 7336, p. 42)
In addition, in the present suit appellant seeks damages as a result of appellee’s alleged failure to recognize appellant’s servitude of drain.
A matter of serious contention between these parties concerns the operative date to which the exception of res judicata should apply. Both sides seem to agree that the exception is good but disagree as to the extent to which plaintiff is foreclosed by the exception. On June 16, 1964, after the first suit had been partially tried on a rule for preliminary injunction, the parties entered into a stipulation under which plaintiff and defendant made reciprocal agreements as to action that would or would not be taken by them concerning drainage of plaintiff’s, property. The stipulation provided further that on the trial of the merits all facts would be “presented as they existed on June 16, 1964, and as though no action had been taken by either party pursuant to this stipulation.” Appellant argues that the only facts submitted on the trial of the matter were those as of June 16, 1964, and that, consequently, the prior judgment is only res judicata as to causes of action arising out of the facts as they stood on June 16, 1964.
On the other hand, appellee contends that the stipulation was made two years previous to the September 26-28, 1966, trial and that, in any case, the trial of the matter proceeded as if there had been no stipulation. Appellee feels that appellant abandoned any possible right he may have had to stand on the stipulation. A careful review of the record of this case shows this to be true. Many of the plaintiff’s own experts had not even visited the disputed area until after the 1964 stipulation. Dr. James Coleman, a geologist and one of plaintiff’s witnesses, testified at page 82 of the transcript that he inspected the area in March of 1966. Dr. Charles W. Dean, another of plaintiff’s experts, testified relative to a topographical map that he had prepared during the summer of 1965. Similarly, Mr. Sam Dupree testified in connection with exhibits that had been prepared shortly before the 1966 trial. Consequently, this Court is of the opinion that regard *78 less of the initial intention behind the 1964 stipulation (this is not entirely clear from the record), the case was tried as to all facts as they had existed in 1966. Therefore, should all requirements for a valid exception of res judicata be present in this case, it is clear that the date of the first trial of this matter is the proper operative date.
Article 2286 of the Civil Code sets out the requirements essential to an exception of res judicata:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
It has been said that res judicata is a principle of peace; a principle that requires controversies under its influence to be put to an end. Opelousas-St. Landry Securities Company v. United States, 66 F.2d 41 (C.C.A., 1933), cert. den., 290 U.S. 684, 54 S.Ct. 120, 78 L.Ed. 589. Essential elements necessary to make a judgment res judicata are that the thing demanded must be the same, demand must be founded on the same cause of action, the demand must be between the same parties and formed by them against each other in the same quality. Eugene v. Ventress, 253 La. 840, 220 So.2d 94 (1969); Slidell Building Supply, Inc. v. I.D.S. Mortgage Corporation, 237 So.2d 923 (La.App. 1st Cir. 1970). It seems perfectly clear, for the purposes of this lawsuit, that the present parties are the identical parties who litigated this matter previously, and the capacity or quality by which the causes of action have been asserted has not changed.
 The cause of action sought to be asserted by the present plaintiff is the same as that previously urged by him. As was stated in the case of Lege v. United States Fidelity & Guaranty Company, 186 So.2d 670 (La.App. 3rd Cir. 1966), writ refused, 249 La. 478, 187 So.2d 448, “the term ‘cause of action’ fas used in the article creating and determining the scope of the doctrine of res judicata] refers to the fact or facts which give rise to the judicial relief sought.” Thus, insofar as the cause of action arising out of facts litigated in the 1966 trial is concerned, plaintiff may not again contest this matter. Therefore, to the extent that appellant seeks injunc-tive relief based upon facts as existed previous to the 1966 trial, his claim is defeated by the doctrine of res judicata.
The most troublesome aspect of this case arises out of the fact that appellant has coupled his previous demand for injunctive relief with a claim for damages. The essential question here is that of whether the thing previously demanded is the same as that presently demanded in view of the money damage claim. The case of Heine v. Muse, 206 So.2d 529 (La.App. 1st Cir. 1968), provides guidance.
In that case the first suit was by the vendor on a note secured by vendor’s mortgage against the purchaser, and judgment was granted as prayed for. In the second suit, the purchaser sued the vendor for damages claiming that the vendor had represented the lot which was purchased in the sale as zoned commercial when he bought it, and the purchaser claimed -this was a misrepresentation entitling him to the return of the purchase price and damages, as the property was zoned residential. In maintaining the plea of res judicata, the Court of Appeal stated:
“ * * * In general terms, the cause of action is the fact or facts, juridical or material, which gives rise to the right claimed or the relief sought. * * * There can be no question that the facts of the prior or foreclosure suit are the same giving rise to the present action. * * *” (Heine v. Muse, 206 So.2d 529, 531)
*79 The purchaser in that second suit urged that the things demanded were different, that is, the first suit was for a money judgment on a note, whereas the second suit was for damages. The Court of Appeal held:
“ * * * This contention ignores the basis on which each suit is grounded, that is, the underlying obligation on which each suit rests and on which there must be judicial determination.
“ * * * The judgment therein recognized the contract and the obligation thus created as valid, the amount evidenced by the notes as due and owing and execution on the mortgage as a means of securing payment. In the present case, though plaintiff’s petition merely prays for a monied judgment, it would be necessary to declare the sale a nullity in order to return the purchase price and allow damages. Therefore, the thing demanded in the present suit is a judgment decreeing the invalidity of the sale. This same thing was the demand of the earlier suit though the demand was presented in support of the sale rather than in opposition. We can only conclude that a decision on the validity of the contract of sale is the thing demanded in each of these actions, though in each petition the demand is couched in terms of the effects flowing therefrom rather than in terms of the basic question presented.” (Heine v. Muse, 206 So.2d 529, 531-532)
In the instant case the thing demanded is the recognition of a natural servitude of drain in favor of Eldorado Plantation on Kenmore Plantation. This Court has already declared the existence of such a servitude in Nicholson v. Holloway Planting Company, 216 So.2d 562 (La.App. 1st Cir. 1968), affirmed at 255 La. 1, 229 So.2d 679 (1969). Similarly, this Court previously denied appellant’s demand for injunctive relief on the ground that the “evidence contains not the slightest evidence to show that such water as presently flows through these crevasse channels is impounded therein and backs up on Eldorado.” (216 So.2d at 571) In our prior decision, we stated that we were convinced that there was little, if any, obstruction by defendant of surface water as would flow through the crevasse channels by natural means. We think, to the extent of alleged obstructions existing prior to September 26, 1966, the plaintiff’s claims have acquired the authority of things adjudged.
THE EXCEPTION OF VAGUENESS
Defendant’s exception of vagueness is essentially directed to the failure of plaintiff to specify, in his numerous allegations of obstructions of the servitude of drain, when and where the obstructions took place. Because of the unusual nature of this case and the fact that any cause of action which plaintiff may have had prior to September 26, 1966, has already been passed upon by this Court and our Supreme Court, and is res judicata, we agree with the district court that plaintiff should specify the time and place of the obstructions which he alleges have occurred. Defendant can only be held liable for those obstructions which occurred after September 26, 1966, within the servitude of drain recognized by this Court and the Supreme Court in the earlier case between these parties.
THE ORDER TO STRIKE INTERROGATORIES, REQUESTS FOR ADMISSION OF FACTS AND GENUINENESS OF DOCUMENTS, AND ORDER FOR PRODUCTION OF DOCUMENTS
Plaintiff served 19 interrogatories upon defendant, which, because of sub-questions, would have required approximately 200 answers, then served a supplemental set of interrogatories containing 4 numbered interrogatories which would have required an additional 23 answers. In addition, plaintiff served upon defendant requests for admission of facts and genuineness of documents and a motion for the production of documents, all of which were successfully objected to in the trial court.
*80 Code of Civil Procedure Article 1452 provides in part:
“ * * * the court may render any other order which justice requires to protect the party or witness from annoyance, embarrassment, oppression, or undue expense.”
In addition to being repetitious and, in some cases, misleading, the interrogatories are so broad that this Court must conclude that they were intended to annoy and put the defendant to undue expense. Likewise, the requests for admission of facts and genuineness of documents are in reference to maps and drawings prepared by plaintiff’s cartographers and other experts and could not be answered by defendant unless it went to the expense of hiring cartographers and surveyors. Without limiting the plaintiff’s right to file proper interrogatories and requests for admissions, we hold that the district court properly sustained defendant’s motion to strike the interrogatories and requests for admissions.
The motion for production of documents contains five numbered requests for the production of documents for inspection and copying by plaintiff. Items 1 and 2 request the production of relevant photographs. Items 3 and 4 request the production of “field notes, plats, maps," photographs and reports of every character” prepared by virtually anyone who has ever had any kind of contact with the defendant. Item 5 requests the production of documents prepared by the Soil Conservation Service, U. S. Department of Agriculture of New Roads, Louisiana. The trial court denied this motion in toto. We reverse in part.
Items 1 and 2 of the motion to produce only request the production of relevant photographs. Defendant made no special objection to these two items, and we can find no reason to explain why the items therein requested should not be produced, since this portion of the motion is clearly within the ambit of Code of Civil Procedure Article 1492(1).
Items 3 and 4 were properly denied, since, as defendant points out, they request privileged information. Concerning this matter, Article 1452 of the Code of Civil Procedure provides:
“The court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. The court shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or an expert.”
Item 5 requests the production of paraphernalia prepared by the Soil Conservation Service. In the absence of a showing that such paraphernalia is not equally available to the plaintiff from the Soil Conservation Service, we cannot find that the trial court abused its discretion in denying the motion as to Item 5.
For the foregoing reasons, the judgment of the district court sustaining defendant’s exception of res judicata, insofar as obstructions prior to September 26, 1966, are concerned, is affirmed. The exception of vagueness is likewise affirmed. The order of the district court striking plaintiff’s interrogatories, supplemental interrogatories and requests for admissions is affirmed. The judgment denying plaintiff’s motion for production of documents is affirmed in part and reversed in part, and the case is remanded to the district court for further proceedings consistent with this opinion. The determination of all costs is to await the final outcome of this case.
Affirmed in part, reversed in part, and remanded.

. Nicholson v. Holloway Planting Company, 216 So.2d 562 (La.App.1st Cir. 1968).