284 So.2d 898 (1973)
Jerry K. NICHOLSON, d/b/a Nicholson Planting and Mfg. Co., Plaintiff-Appellant,
v.
HOLLOWAY PLANTING COMPANY, INC., Defendant-Appellee.
No. 53028.
Supreme Court of Louisiana.
October 29, 1973.
Rehearing Denied November 30, 1973.
*899 Henry B. Alsobrook, Jr., Harold A. Thomas, Adams & Reese, New Orleans, W. B. Middleton, Jr., Middleton & Templet, Plaquemine, for plaintiff-appellant.
Ashton L. Stewart, Laycock, Stewart & Preis, Baton Rouge, Borron & Delahaye, Paul G. Borron, Plaquemine, for defendant-appellee.
CALOGERO, Justice.
We granted writs in this case to review a decision of the Court of Appeal sustaining defendant's exceptions of res judicata and vagueness (by affirmance of trial court rulings in this regard) and affirming an order striking plaintiff's interrogatories, supplemental interrogatories and requests for admissions, and affirming, with minor exceptions, a judgment denying plaintiff's motion for production of documents.
A brief history of this litigation is essential for an understanding of the issues presently before us.[1]
Plaintiff and defendant own adjoining properties in Pointe Coupee Parish. Plaintiff's Eldorado Plantation lies north of defendant's Kenmore Plantation. In 1964 plaintiff filed a lawsuit seeking to enjoin defendant from obstructing the natural drainage from Eldorado onto Kenmore.
Plaintiff was denied the injunction in that litigation by the District Court, the Court of Appeal and the Supreme Court. However, while the district court had found he was not entitled to a servitude of drain, the Court of Appeal and the Supreme Court determined that he was. Denial of the injunction by the appellate courts was based upon a finding that defendant was in no way impeding the drainage flow.[2]
In 1970 plaintiff filed a second suit, this time to enjoin defendant from interfering with the servitude of drain which plaintiff had had recognized in his favor in the earlier suit, and demanding damages.
*900 Defendant filed exceptions of vagueness and res judicata,[3] rules to strike plaintiff's interrogatories, supplemental interrogatories, requests for admissions, and motion for production of documents.
The trial judge rules entirely in defendant's favor, denying all of plaintiff's discovery efforts, and maintaining the exceptions of vagueness and res judicata (the latter, as requested, only "insofar as obstructions prior to September 28, 1966 are concerned.")
The Court of Appeal judgment, from which we granted plaintiff writs, affirmed the trial court in all particulars except as to denying plaintiff the required production of two photographs, and ordered the case remanded.

RES JUDICATA
As related defendant's res judicata plea only has to do with blockages, etc., which took place and/or existed up to September 28, 1966. However, the plea is directed to both facets of plaintiff's current suit, i. e., plaintiff's claim for injunction and his claims for damages.
With respect to the injunction aspect of the present suit (filed in 1970) there seems to be no question that plaintiff is entitled to this relief under his 1970 lawsuit, if on the merits he can prove his case. He need simply prove upon remand that in 1970 defendant was interfering with his recognized servitude of drain. The nature of that servitude and its attendant limitations are determinable from a review of the applicable statutory and jurisprudential law (including Civil Code Article 660) and the decision of this Court in the first lawsuit.[4] Certainly his failure to prove interference or sufficient interferences on the facts as they were found to exist in 1966 does not bar his effort to prove that an interference existed in 1970. To hold otherwise would require us to hold that a party having once lost a mandatory injunction suit against a given neighbor, perhaps for failure to prove at that time the neighbor's assertedly illegal conduct (for example, a trespass) would be forever barred from bringing another such suit, even if he could prove a later transgression.
The argument between plaintiff and defendant in this regard is not whether plaintiff can try his 1970 injunction suit but rather what operative facts may be inquired into at such trial. Apparently defendant wants to freeze the conditions as of September 28, 1966 (date of first trial) when the court found plaintiff not entitled to an injunction and require plaintiff to show condition changes after September 28, 1966 in order to entitle him to relief. Plaintiff, on the other hand, wants to be able to show not only condition changes after September 28, 1966, but also that certain interferences which existed before September 28, 1966 should now be enjoined.
To facilitate this latter effort plaintiff argues that the September 28, 1966 trial was had on a stipulation of June 16, 1964 (this was the date of trial of the rule for preliminary injunction) the substance of which was that defendant would, without prejudice to his claim that no servitude was owed, unblock the crevasse channels, and the parties would later, on the merits trial, present facts as they existed on June 16, 1964 and as though no action had been taken by either party pursuant to that stipulation.[5]
*901 Defendant counters with the argument that the stipulation had to do only with removing obstructions to the seven crevasse channels created by defendant's road built parallel to and just south of the boundary between the two plantations and not the clearing (to original width and depth) the channels on defendant's property. Defendant asserts that this latter effort was brought into the original suit by supplemental petition filed after the June 16, 1964 preliminary injunction trial and its stipulation, and before the September 28, 1966 trial. Defendant further contended, and the Court of Appeal so found, that under any condition plaintiff abandoned any right he may have had to stand on the stipulation by trying the case on the basis of all facts as they stood on and shortly prior to September 28, 1966.
We find it unnecessary and inadvisable to counsel the trial court as to how to try the 1970 injunction suit on remand. Suffice it to say that with respect to the injunction aspect of plaintiff's current suit the exception of res judicata does not lie.
Any possible extent to which pre-1966 or pre-1964 facts and the earlier judicial resolution of these litigants' differences may bear upon the nature and quality of plaintiff's servitude of drain is of course another matter, which the trial court can consider at the appropriate time.
The res judicata plea as directed to the injunction aspect of this 1970 lawsuit thus has no merit.
With respect to the damage aspect of plaintiff's current suit the trial and appellate courts similarly maintained the res judicata exception "insofar as obstructions prior to September 28 1966 are concerned." The Court of Appeal referred to Heine v. Muse, 206 So.2d 529 (La.App.1st Cir.1968) as support for their finding to the effect that claims for damages incident to blockage of drainage (which may have taken place from time to time, or continuously) before the September 28, 1966 trial were barred by defendant's judgment denying plaintiff injunctive relief in the former litigation.
Was the thing previously demanded the same as that presently demanded? Obviously injunctive relief is not the same as a money damage claim or claims. Were the juridical or material facts, which gave rise to the right claimed or relief sought, the same in both instances?
In Heine v. Muse, supra, the Court of Appeal held that they were the same in a vendor's suit for the balance of a purchase price, and the vendee's subsequent damage claim for misrepresentation incident to the very same sale.
Heine v. Muse, in relying upon the common law doctrine that a judgment is conclusive and res judicata as to not only what was pleaded, but also what might have been pleaded, is contrary to this Court's current jurisprudence. See Quarles v. Lewis, 226 La. 76, 75 So.2d 14 (1954); Hope v. Madison, 194 La. 337, 193 So. 666 (1940); Succ. of Marinoni, 183 La. 776, 164 So. 797 (1935), and criticism of Heine v. Muse in Work of Appellate Courts, 1967-1968, Civil Procedure, Vol. 29 La.L.Rev. 269 (1969).
We need not here pass upon the correctness of that decision, however, because damages incident to blockage occurring prior to the trial of the first suit on September 28, 1966 are not being claimed in this litigation. The petition specifies damages occasioned in 1966 and thereafter following the first trial on the merits. Counsel for plaintiff admitted on trial of the exception in the District Court in this case that this was so. At page 12 of Transcript *902 (Vol. II of 2) we find the following colloquy.
"THE COURT: I don't think there's any argument between you folks that you have a right to file a suit for what happened since the trial.
MR. ALSOBROOK: Right.
THE COURT: The argument seems to be as to what happened prior to that date.
MR. ALSOBROOK: We're not contesting that, Judge. As a matter of fact, in the petition if you will notice, we don't ask for any damages for that period of time. The petition specifically states that the defendant has blocked up these drains again and has impounded our servitude and is now causing water to impound on Eldorado and has been doing it since 1966 and those are the damages that we're asking for." (emphasis provided)
Inasmuch as claims for damages incident to the impeding of plaintiff's servitude of drain prior to September 28, 1966 is, by virtue of the pleadings and the admission of plaintiff's counsel, not involved in the lawsuit, we find the res judicata plea in this respect superfluous, unnecessary, not relevant, and thus improperly sustained.
Accordingly defendant's plea of res judicata, relating as it does to both the injunction and damage aspects of plaintiff's 1970 lawsuit should not have been sustained.

VAGUENESS
Defendant's exception of vagueness maintained by the trial court's ruling and Court of Appeal's affirmance, was directed to the failure of plaintiff to specify in his allegations of obstructions of the servitude of drain, when and where the obstructions took place.
The Court of Appeal, having maintained the exception of res judicata as to factual conditions and/or occurrences existing on or before September 28, 1966, apparently felt that plaintiff should be made to specify the places and dates of obstruction in order more readily to identify, and bar inquiry concerning, obstructions occurring prior to September 28, 1966.
We have, of course, rejected the res judicata plea for the reasons hereinbefore stated. Blockage prior to September 28, 1966 relative to plaintiff's damage claim is not pertinent because plaintiff seeks no damages for occurrences prior to September 28, 1966. And conditions on and before September 28, 1966 insofar as plaintiff's present injunction is concerned are of consequence only for the limited purpose of establishing the nature and quality of plaintiff's servitude.
With respect to the relevant contentions in plaintiff's petition we believe that plaintiff's allegations are not deficient because of vagueness.
Plaintiff alleges that defendant did, following trial of the first case, fill in the existing natural drains at or near the Kenmore Eldorado boundary line. This allegation adequately notifies defendant of the nature of the facts sought to be proved. It enables him generally to prepare his defense and to identify the cause of action so as to bar its future re-litigation. Defendant is not entitled through the exception of vagueness to require exactitude and detail of pleadings beyond those necessary for this aim. Washington v. Flenniken Construction Co., 188 So.2d 486 (La.App. 3rd Cir. 1966).
It is particularly unfair to require of plaintiff exactitude in pleadings to the extent required by the trial court while denying him the discovery he sought, which is the subject of the following portion of this opinion.

INTERROGATORIES
Plaintiff posed twenty-four interrogatories and supplemental interrogatories each including several questions and/or requiring multiple answers. Defendant correctly *903 asserts that in globo the required answers number in excess of 200.
The Court of Appeal relied upon C.C.P., Article 1452[6] and without discussing a single specific interrogatory, stated: "In addition to being repetitious, and in some cases misleading, the interrogatories are so broad that the Court must conclude that they were intended to annoy and put the defendant to undue expense."
Shortly after the adoption of our Code of Civil Procedure in 1960, this Court had occasion to discuss the purposes of discovery devices. State v. Spruell, 243 La. 202, 142 So.2d 396 (1962):
"Its purpose is to afford all parties a fair opportunity to obtain facts pertinent to litigation, to discover the true facts and compel disclosure of these facts wherever they may be found; to assist litigants in preparing their cases for trial; to narrow and clarify the basic issues between the parties. The use of discovery procedure facilitates and expedites the trial of cases, and, indeed, often obviates the necessity of trial by leading to settlement or to abandonment of a claim."
As was stated in Chesson v. Hungerford, 228 So.2d 332 (La.App. 3rd Cir. 1969), "The Articles of the Louisiana Code of Civil Procedure relating to discovery should be liberally construed in favor of discovery, where possible. Ordinarily the party to the suit is presumed to have the unlimited right of discovery against another party."
While it is proper for Courts to exercise the effective control afforded them by Article 1452 to prevent oppression, imposition and abuse[7] we hardly think it appropriate to strike all of a party's interrogatories because of their number.
It is incumbent upon the trial court to examine separately each interrogatory propounded and rule upon its permissibility.
In the instant case while certain of the interrogatories might properly be determined to be oppressive or annoying, it is equally evident on cursory perusal that many of the interrogatories were not so. For instance, among the interrogatories plaintiff sought to discover the names of witnesses known to defendant who might have knowledge of relevant facts, he sought information regarding photographs admittedly taken by defendant during an investigation,[8] and he asked what documents, witnesses and/or experts would be used by defendant to support certain allegations in his answer. We do not intend the foregoing to be considered the exclusive interrogatories which plaintiff is entitled to have answered. Rather these are intended to be illustrative only. We deem it necessary however, that the trial court, while exercising certain permissible discretion *904 and judgment, should review each interrogatory separately.

REQUESTS FOR ADMISSIONS
The foregoing comments relative to plaintiff's interrogatories are equally applicable to his requests for admissions.
We have characterized requests for admissions under Article 1496 of the Code of Civil Procedure as innovative and drastic in the Civil Procedure of Louisiana and we have acknowledged that it is not a device to be employed for pre-trial discovery, but rather "to eliminate the necessity of proving uncontroverted facts" and "to require admission of matters which ought to be admitted or which will not be disputed at trial, so that the time, trouble and expense required to prove them may be avoided." Voisin v. Luke, 249 La. 796, 191 So.2d 503 (1966).
Barron and Holtzoff's Federal Practice and Procedure, Rules Edition, Section 832 at Page 503, in discussing Federal Rule 36, upon which Article 1496 of the Louisiana Code of Civil Procedure is patterned, states:
"The request should be phrased so that it can be admitted or denied without explanation. . . Thus it has been said that the requests should be such as can be answered yes, no, the answerer does not know, or a very simple explanation given as to why he cannot answer, as in the case of privilege. Each request should be confined to a single relevant fact which can be clearly admitted or denied and not with complicated situations involving many distinct and controversial issues of fact."
It is evident, however, that within the restrictive purpose of legally authorized requests for admissions, plaintiff has directed permissible inquiry. For instance one of plaintiff's requests is:
"Please admit or deny that: The attached copy of map of Kenmore Plantation, now designated as Exhibit "A", is a genuine, full and complete copy of Exhibit No. 6 introduced by Holloway Planting Company, Inc. in the trial of September, 1966, showing the ditches constructed by you along with the natural drains used by you."
It is incumbent upon the trial judge on remand to review and rule upon each request separately.

MOTION FOR PRODUCTION OF DOCUMENTS
With respect to plaintiff's motion for production of documents, the Court of Appeal ordered the production of items one and two (photographs), but refused to order the production of items three and four, (essentially reports by defendant's agents and/or attorneys) and five (reports concerning both Kenmore and Eldorado Plantations prepared by the Soil Conversation Service, U. S. Department of Agriculture of New Roads, La.).
Their ruling on items three and four was based upon Article 1452 Code of Civil Procedure.[9] They denied Item five absent a showing that such paraphernalia is not equally available to plaintiff from the Soil Conservation Service.
We find no error in these rulings of the Court of Appeal on plaintiff's motion for production of documents.
*905 For the foregoing reasons the judgment of the Court of Appeal sustaining defendant's exceptions of res judicata and vagueness are reversed; the judgment affirming the striking of plaintiff's interrogatories, supplemental interrogatories and requests for admissions is reversed; the judgment in connection with plaintiff's motion for production of documents is affirmed; and the case is remanded to the district court for further proceedings consistent with this opinion. Determination of all costs is to await the final outcome of this case.
Affirmed in part, reversed in part, and remanded.
SANDERS, C. J., dissents, being of the opinion that the judgment of the Court of Appeal is correct. See 268 So.2d 74.
NOTES
[1] Court of Appeal and La. Supreme Court decisions in connection with the initial suit between these parties is reported at 216 So.2d 562 (La.App. 1st Cir. 1968), and at 255 La. 1, 229 So.2d 679 (1969), respectively. The Court of Appeal decision in this second suit, which is here reviewed by virtue of writ granted January 9, 1973, 264 La. 218, 270 So.2d 873 (1973) is reported at 268 So.2d 74 (1972).
[2] The procedural history here given is limited to that necessary for this opinion. In fact the litigation spans nine (9) years, consists of innumerable legal moves and counter moves, and is proof of the value of compromise of litigation.
[3] The exception of res judicata as filed was limited to all demands in the present litigation (both injunctive relief and damages) as relate to conditions existing on or before, but not after, September 28, 1966, concluding date of the earlier district court trial.
[4] See footnote 1, supra.
[5] The agreement provided that six specifically designated channels would be cleared on Kenmore to their respective natural widths and depths. It also recited that plaintiff could clear those portions of seven enumerated channels on Eldorado by removing all trees and undergrowth therefrom but not in such manner as to widen or deepen them. The covenant also stated that plaintiff could clean and clear lateral ditches on Eldorado provided they were not deepened or widened and that plaintiff agreed to dig no new ditches except such as would discharge into Dixie Bayou, which was west and northwest of plaintiff's property. Pursuant to the aforesaid stipulation, the trial court rendered judgment June 17, 1964, preliminarily enjoining both parties from violating the terms of the agreement.
[6] Art. 1452. Orders for the protection of parties and deponents

After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may order that the deposition shall not be taken, or that it may be taken only at a designated time or place other than that stated in the notice, or that it may be taken on written interrogatories, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or that the examination shall be held with no one present except the parties to the action and their officers or counsel, or that after being sealed the deposition shall be opened only by order of the court, or that secret processes, developments, or research need not be disclosed, or that the parties shall simultaneously file specified documents of information enclosed in sealed envelopes to be opened as directed by the court; or the court may render any other order which justice requires to protect the party or witness from annoyance, embarrassment, oppression, or undue expense. . . ." (Emphasis provided)
[7] See McMahon, Civil Procedure, 25 La.L.Rev. 309 (1965).
[8] Incidentally, while the Court of Appeal would not order defendant to answer these interrogatories, they did require defendant to produce these photographs for inspection.
[9] Louisiana Code of Civil Procedure, Article 1452:

". . . The court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. The court shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or an expert."