DOUCET, Judge.
Plaintiff, Foster Lee, Jr., brought this suit against the City of Alexandria and the City’s Chief of Police, Charles D. Ezernack, seeking his reinstatement to his former position of Sergeant of the Alexandria Police Department and damages. He alleged in his petition that he had been demoted without cause to the rank of Patrolman First Class and that he had suffered embarrassment and humiliation as a result of the publicity surrounding his demotion. He further alleged that he had been subjected to insults and cruel and inhumane treatment by Ezernack and other superior ranking officers, as a result of which he was forced to resign from the police department.
Defendant filed the dilatory exception of vagueness. The trial judge sustained the exception, giving plaintiff fifteen days to amend his petition to specify the acts complained of and the dates on which they occurred. Plaintiff amended his petition as ordered, and defendants filed the peremptory exception of prescription. The trial judge sustained the exception, dismissing plaintiff’s suit at his costs, and denied plaintiff’s motion for a new trial. Plaintiff appeals.
On appeal, plaintiff argues that the trial judge erred by (1) sustaining the exception of vagueness, (2) sustaining the exception of prescription, (3) denying his motion for a new trial, and (4) finding that he was not entitled to a decision from the Alexandria Fire & Police Civil Service Board on a complaint that he filed.
EXCEPTION OF VAGUENESS
The exception of vagueness is a device for requiring the plaintiff to put the defendant on notice of the nature of the facts sought to be proved so as to enable him generally to prepare his defense. It also serves the purpose of requiring the plaintiff to sufficiently identify his cause of action so as to bar its future re-litigation. Nicholson v. Holloway Planting Company, Inc., 284 So.2d 898 (La.1973); Washington v. Flenniken Construction Company, 188 So.2d 486 (La.App. 3rd Cir. 1966). After examining the allegations contained in plaintiff’s original petition in light of those purposes, we agree with the trial judge’s conclusion that they were insufficient. We therefore find no error in his sustaining of the exception of vagueness.
EXCEPTION OF PRESCRIPTION
Since all of the acts complained of in plaintiff’s original and amending petitions occurred more than one year prior to the filing of his suit, the trial judge concluded that his cause of action was prescribed under LSA-C.C. Art. 3536, which provides a one year prescriptive period for torts. Plaintiff contends that the applicable provision is LSA-C.C. Art. 3544, which provides a ten year prescriptive period for suits based on contracts. Thus, the resolution of this issue hinges on a determination of whether plaintiff’s cause of action sounds in contract or tort.
In his original petition, plaintiff alleged that he had been employed by the City of Alexandria as a police officer. That, of course, implied the existence of an employment contract. However, the terms of the contract were not specified, and there was no allegation of a breach of defendants’ obligations under it. He simply alleged that he had been demoted without cause, that his demotion was publicized, causing him embarrassment and humiliation, that he was exposed to insults and cruel and inhumane treatment by Ezernack and other officers of superior rank, and that the “illegal activities” of Ezernack and other superi- or officers had forced his resignation.
In his amending petition, plaintiff alleged that the Chief of Police had publicly ac *1292 cused him of having made an illegal arrest. He also alleged that he had been told in the presence of his fellow officers that he had made an illegal arrest and that in doing so, he had left the City of Alexandria unprotected. In Paragraph VIII(C) of his amending petition, he stated that “[t]he accusations made against Petitioner constituted an unwarranted, false, malicious, slanderous and libelous attack on his professional reputation.”
In view of those allegations, we conclude that plaintiff’s cause of action sounds in tort. Accordingly, we find that the judgment sustaining defendants’ exception of prescription, based on LSA-C.C. Art. 3536, was correct.
MOTION FOR A NEW TRIAL
Following the dismissal of his suit, plaintiff filed a motion for a new trial in which he alleged that subsequent to the trial, he had discovered evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial. He assigned the denial of that motion as an error. However, he did not address this issue in his arguments before this Court. Since we find no evidence in the record to support the allegation contained in his motion, we can only conclude that plaintiff has failed to show that the trial court erred in denying it.
CIVIL SERVICE COMPLAINT
Plaintiff alleged in his amending petition that he had filed a complaint with the Alexandria Fire and Police Civil Service Board, in which he had alleged that his demotion was illegal. He further alleged that the Board had not rendered a decision and that its failure to act was a denial of his right to due process of law under the 14th Amendment of the United States Constitution. In his brief, plaintiff states that the trial court found that he was not entitled to a decision by the Board, although the record does not reflect the fact that such a ruling was made.
Plaintiff did not request a decision by the Board in his pleadings. That would not affect his right to such relief, if he was entitled to it. LSA-C.C.P. Art. 862. However, we find that he was not entitled to such relief in this case, because the Board was not made a party to the suit. Clearly, it would be an indispensible party to a proceeding in which such relief was granted. LSA-C.C.P. Art. 927 provides that the nonjoinder of an indispensible party may be noticed by either the trial or appellate court of its own motion. We therefore find no error in the trial judge’s alleged finding that plaintiff was not entitled to a decision from the Board.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiff-appellant.

AFFIRMED.