BROWN, Chief Judge.
| defendants, Donald and Joyce Deb-nam, appeal the judgment of the trial court denying their peremptory exception of res judicata and granting a preliminary injunction in favor of plaintiffs, Richland Parish Police Jury, Lester Wayne Johnson, M.D., R & B Planting Co., George B. Franklin & Son, Inc., Big Creek Farms *489 Partnership, Ricky Goodman, Randy Swain, and Jerry Bell. For the reasons stated herein, we affirm the judgment of the trial court and remand the case for the fixing of security.

Facts and Procedural Background

Defendants, Donald and Joyce Debnam, own 120 acres situated on the north side of Ruff Road in Richland Parish. Ruff Road runs east and west and forms the south boundary of the property. Cypress Creek runs in a generally north-south direction across their property. The Debnams constructed a dam, earthen works, and other structures on Cypress Creek adjacent to Ruff Road in an attempt to prevent the eroding and flooding of their property.
Plaintiffs, the Richland Parish Police Jury and numerous adjoining property owners, filed this suit for injunctive relief against defendants seeking to force them to remove the dams built on their land. Plaintiffs contend that the obstructions interfere with the natural flow of the creek and cause flooding to adjacent properties, causing damages to the surrounding landowners’ crops and a parish-maintained roadway, Ruff Road.
The Police Jury had filed a prior suit in 2006 seeking to have the Debnams ordered to remove the dams then built on Cypress Creek. In that matter, the trial court ruled in favor of the Police Jury, but this court |2reversed that decision on appeal finding that there was an insufficient showing that the flooding alleged was solely caused by the obstructions on the Deb-nam property.[1] We further concluded that there were multiple causes contributing to the damages alleged by the Police Jury, including the actions of the Police Jury itself. The Louisiana Supreme Court denied writs and defendants rebuilt their dams.
In the years that followed the first suit, the Police Jury has made modifications to the drainage system in the vicinity at issue, including the installation of new and larger culverts at Futch Road and Nicole Drive, and the clearing out of some obstructions in the W-27 canal north of the Debnam property.
Plaintiffs filed this current suit for in-junctive relief on May 27, 2011. In response, defendants filed numerous exceptions, most notably an exception of res judicata. Plaintiffs amended their petition on July 26, 2011, to demand a preliminary injunction. After a full evidentiary hearing on August 4, 2011, the trial court denied all exceptions and granted plaintiffs’ preliminary injunction which prohibited the Debnams from erecting any new obstructions across Cypress Creek and ordered the removal of the then existing obstructions within 15 days, or should they not do so, for the police jury to remove the obstructions with the costs to be paid by defendants.
The Debnams filed a motion for appeal and requested a stay of all proceedings, which the trial court denied. Defendants then filed an | ¡¡application for a writ with this court to stay removal of the obstructions, which was granted on November 11, 2011.

Discussion

The Debnams’ essential argument on appeal is twofold: that plaintiffs are not entitled to the relief sought, as their claim is barred by the doctrine of res judicata, and, that plaintiffs failed to show that they would suffer irreparable harm in the absence of the preliminary injunction.
*490 The Debnams contend that plaintiffs failed to show that irreparable injury, a loss that cannot be adequately compensated in monetary damages, will result if the obstructions across Cypress Creek remain in place. They argue that since plaintiffs’ petition for injunction demands various money damages, they can adequately value any damages that they may incur, and, thus, any harm is not irreparable. Plaintiffs assert, however, that defendants’ obstructions are interfering with their natural servitude of drainage, and, as such, a showing of irreparable harm is not required.
A natural servitude of drainage is due by an estate situated below to receive the surface waters that flow naturally from an estate situated above. La. C.C. art. 655. The owner of the servient estate may not do anything to prevent the flow of water. La. C.C. art. 656.
La. C.C.P. art. 3601, the usual statutory grounds for the issuance of an injunction, provides in pertinent part that an injunction shall issue in cases where irreparable injury, loss or damage may otherwise result to applicant, or in other cases specifically provided by law. An injunction to protect a servitude, however, is authorized under La. C.C.P. art. 3663. Specifically, L section 2 of that article allows a person injunctive relief to protect or restore possession of immovable property or of a real right in immovable property of which he claims ownership, possession, or enjoyment. A preliminary injunction brought pursuant to La. C.C.P. art. 3663 does not require a showing of irreparable harm. Monroe Real Estate & Development Co., Inc. v. Sunshine Equipment Co., Inc., 35,555 (La.App.2d Cir.01/23/02), 805 So.2d 1200.
The general rule is that an injunction will only be issued in its prohibitory form, but when a defendant obstructs a plaintiff in the enjoyment of a real right, the latter may be entitled to a prohibitory injunction restraining the disturbance and also to a mandatory injunction for the removal of the obstruction. Concerned, Citizens for Proper Planning, LLC v. Parish of Tangipahoa, 04-0270 (La.App.1st Cir.03/24/05), 906 So.2d 660; Harris v. Pierce, 73 So.2d 330 (La.App.Orleans 1954).
The right to drain water from one’s property over the lands of others is not a prerogative of ownership but a real right of servitude requiring a dismemberment of the ownership of others or a charge laid on their immovables. Terrebonne Parish Police Jury v. Matherne, 405 So.2d 314 (La.1981). When the owner of the servient estate does something to prevent the flow of the water, such as placing obstacles to drainage from the dominant through the servient estate, the remedy is a mandatory injunction ordering the owner of the servient estate to remove the obstacle. Poole v. Guste, 261 La. 1110, 262 So.2d 339 (La.1972); Gaharan v. DOTD, 566 So.2d 1007 (La.App. 3d Cir.1990).
LA preliminary injunction in its prohibitory form seeks to preserve the status quo until a full trial on the merits and it may be issued upon a prima facie showing by the applicant seeking the injunction. Louisiana Granite Yard, Inc. v. LA Granite Countertops, L.L.C., 45,482 (La.App.2d Cir.08/18/10), 47 So.3d 573, writ denied, 10-2354 (La.12/10/10), 51 So.3d.733; Louisiana Gaming Corp. v. Rob’s Mini-Mart, Inc., 27,920 (La.App.2d Cir.01/24/96), 666 So.2d 1268. However, a mandatory preliminary injunction, so named because it orders the doing of something, requires the party seeking the injunction to show by a preponderance of the evidence at an evidentiary hearing that he is entitled to *491 the preliminary injunction sought. City of New Orleans v. Board of Directors of the Louisiana State Museum, 98-1170 (La.03/02/99), 739 So.2d 748.
A trial court is afforded great discretion to grant or deny a preliminary injunction and its ruling will not be overturned absent manifest error. Louisiana Granite Yard, Inc., supra.
After a full evidentiary hearing on the preliminary injunction, during which witnesses, both lay and expert, testified and were cross-examined, and other evidence was introduced, the trial court found that the obstructions on the Debnams’ property were blocking the natural drain of water from the plaintiffs’ lands causing water to pool in the road ditches and on the plaintiff landowners’ property. In particular, Fred Scott Franklin, a neighboring landowner, testified that he and his family had been farming the land off of Ruff Road for more than 50 years, and that up until the time that the Debnams built their dams and other obstructions across Cypress Creek [fithe water from his land would naturally drain toward Cypress Creek to the W-27 canal. After the Debnams built the obstructions, Mr. Franklin testified that the water regularly backs up and floods his crops and other neighboring landowners’ lands as well. The reason for this flooding, according to the testimony of Francis Markley Huey, a civil engineering, hydrology and drainage expert, is that the portion of Cypress Creek on the Debnams’ property is the collection point for waters naturally flowing from the ditches on the east and west of Cypress Creek and from a high point approximately 1,000 feet south of Ruff Road. According to Mr. Huey, the waters that converge at this location have historically flowed north through Cypress Creek to where the W-27 canal is located. It was his opinion that the dams and other works built by the Debnams are obstructing the flow of Cypress Creek to the north and are a significant cause of the flooding and prolonged standing water.
Based upon the aforementioned testimony and our review of the record, a preponderance of the evidence supports the trial cqurt’s finding that the obstructions built by defendants to slow the flow of water through Cypress Creek are interfering with plaintiffs’ natural servitude of drainage. In the decades prior to the construction of the impediments the area landowners rarely dealt with the flooding problems that they have since been dealing with on a regular basis. These obstructions infringe on plaintiffs’ real rights and the trial court’s issuance of a preliminary injunction was not erroneous.
|7We next look to defendants’ argument that plaintiffs are not entitled to the relief sought, as their claim is barred by the doctrine of res judicata. The doctrine of res judicata precludes subsequent litigation when: (1) there is a valid judgment; (2) the judgment is final; (3) the parties in the two matters are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. La. R.S. 13:4231; Burguieres v. Pollingue, 02-1385 (La.02/25/03), 843 So.2d 1049.
The Debnams contend that the cause of action now asserted existed at the time of the previous valid and final judgment and that it was the subject matter of the first litigation. They posit that the addition of plaintiffs should not allow plaintiffs to circumvent res judicata. Thus, defendants assert, the trial court erred in denying their exception and in granting a preliminary injunction in favor of plaintiffs.
*492 Plaintiffs argue that the trial court correctly denied defendants’ peremptory exception of res-judicata, as it is not applicable to bar a claim for injunction in cases involving the natural servitude of drainage. To support their contention that res judi-cata is not applicable, plaintiffs cite Nicholson v. Holloway Planting Company, Inc., 284 So.2d 898 (La.1973). In Nicholson, a plaintiff sought to enjoin the defendant from obstructing the flow of a natural drainage ditch; the injunction was denied. Six years later, plaintiff filed a second suit to enjoin defendant from interfering with the servitude and the defendant filed a res judicata exception. The supreme court held that the plaintiffs second suit, as it pertained to the plaintiffs claim for injunction, was not barred by res judicata because the nature of the servitude (drainage) did not lend itself to a res judicata bar. Specifically, the supreme court, 284 So.2d at 900, stated:
With respect to the injunction aspect of the present suit (filed in 1970) there seems to be no question that plaintiff is entitled to this relief under his 1970 lawsuit, if on the merits he can prove his case. He need simply prove upon remand that in 1970 defendant was interfering with his recognized servitude of drain.... Certainly his failure to prove interference or sufficient interferences on the facts as they were found to exist in 1966 does not bar his effort to prove that an interference existed in 1970. To hold otherwise would require us to hold that a party having once lost a mandatory injunction suit against a given neighbor, perhaps for failure to prove at that time the neighbor’s assertedly illegal conduct (for example, a trespass) would be forever barred from bringing another such suit, even if he could prove a later transgression.
Accordingly, we find that defendants’ res judicata plea, as it pertains to the injunction aspect of this lawsuit, has no merit.
Lastly, defendants take issue with the trial court’s failure to require plaintiffs to furnish security as required by La. C.C.P. art. 3610.
La. C.C.P. art. 3610 states:
A temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed by the court, except where security is dispensed with by law. The security shall indemnify the person wrongfully restrained or enjoined for the payment of costs incurred and damages sustained. However, no security is required when the applicant for a temporary restraining order or preliminary or permanent injunction is seeking protection from domestic abuse, dating violence, stalking, or sexual assault.
The remedies available for failure to require security in connection with the issuance of a preliminary injunction vary according to the circumstances of the case and do not necessarily render the injunction void or require it to be set aside. Family Care Services, Inc. v. Owens, 45,-505 1 g(La.App.2d Cir.08/11/10), 46 So.3d 234. Appellate courts have the option to vacate the preliminary injunction or remand for the furnishing of security. Holmes v. Peoples State Bank of Many, 32,749 (La.App.2d Cir.03/03/00), 753 So.2d 1006.
Considering that the obstructions built by the Debnams are disturbing the possession and/or enjoyment of a real right, we find no reason to vacate the trial court’s issuance of the preliminary injunction and instead will remand to the trial court for the furnishing of security.

Conclusion

For the foregoing reasons, the judgment of the trial court denying defendants’ peremptory exception of res judicata and *493 granting a preliminary injunction in favor of plaintiffs is affirmed and the case is remanded to the trial court for the fixing of security in accordance with the law.
STEWART, Judge, dissents in part and assigns written reasons.

. Richland Parish Police Jury v. Debnam, 42,421 (La.App.2d Cir. 10/17/07), 968 So.2d 294, writ denied, 08-0016 (La.03/24/08), 977 So.2d 953.