PITMAJSÍ, J.
1 plaintiff Don E. Whitlock filed a petition seeking a preliminary and permanent injunction and damages against Defendant, Fifth Louisiana District Levee Board (“Levee Board”), and its lessee, Jamie Isaac, to prevent the lessee from traveling across Plaintiffs property to reach a hunting lease owned by the Levee Board and located west of Plaintiffs property. The Levee Board filed exceptions of no cause of action, nonjoinder of parties and lack of procedural capacity to sue. The trial court denied the request for a preliminary injunction and then sustained the exception of no cause of action and other exceptions and dismissed the suit. For the following reasons, we reverse the judgment of the trial court and remand for further proceedings.

FACTS

Plaintiff is the owner of certain property in East Carroll Parish, some of which he owns individually (Lot 3 of the subject property and an additional large tract of adjacent property), and some of which he owns in indivisión (Lots 1 and 2 of the subject property, referred to as the “heir property”). Plaintiffs ancestor, L. Whit-lock, purchased Lots 1, 2 and 3 by deed in 1937, which contains the following language making the lots subject to the following:
A right-of-way twenty feet wide over and across the lands hereinabove described and hereby conveyed for the right of passage and of way across said lands to serve as a road for the use of the public and which right-of-way shall hereafter be located by said vendee.
Thereafter, a public right-of-way was provided, which eventually became known as Parish Gravel Road No. 1205 or 1285, and later known as Whitlock Road. This gravel road runs along the eastern side of the property and is located entirely within Lot 1, running from north to south. The road does not enter Lots 2 or 3, which are located west of Lot 1. To do so, the road would 12have to run east to west. Plaintiff is now the sole owner of Lot 3, and is an owner in indivisión of Lots 1 and 2.
The Levee Board owns property (known as Swan Lake) to the west of Plaintiffs property and it is burdened by the hunting lease to Mr. Isaac. Swan Lake is located directly behind Lot 3 and other adjacent land owned by Plaintiff. Mr. Isaac began crossing Plaintiffs property, both the heir property and that owned solely by him, to reach the Levee Board’s property. Mr. Isaac’s traversal of the property allegedly resulted in ruts being gouged in the soil, damaged crop land and a change in the natural flow of water across the property. Plaintiff attempted to address these issues with the Levee Board to no avail.
On January 3, 2012, Plaintiff filed a suit for an injunction and for damages against the Levee Board and its lessee, Mr. Isaac, alleging that he was the landowner and that the Levee Board owned the adjacent property. He alleged that Mr. Isaac, and others with Mr. Isaac’s permission, began trespassing on his property by driving vehicles across his land without his permission and against his express instructions not to do so. Plaintiff complained that the route taken by Mr. Isaac was not the shortest route to the leased property, nor was it a route that would cause the least disruption to his property. Plaintiffs petition alleged that, “If a right of passage or *314 servitude is due it should be due across the land of an adjoining landowner since such a route would be much shorter and less costly.” Plaintiff alleged that, as a result of this trespass, he was losing approximately 2.2 acres of land use and that Mr. Isaac’s trespass was causing damage to the natural flow of water. He also alleged that, although the Levee Board had been leasing out the Swan Lake | ¡¡property for ten years, other lessees had not asked for or claimed a right-of-way. Further, he alleged that no person during his lifetime had used a right-of-way in the location where Mr. Isaac now trespasses. He claimed he was being caused economic injury and damage and asked that the Levee Board and its lessees be enjoined from coming upon, traveling across, using or damaging his property. A hearing on the request for a preliminary injunction was set for February 2, 2012.
On February 1, 2012, the Levee Board filed an answer to Plaintiffs petition, raising exceptions of no cause of action, non-joinder of a party and lack of procedural capacity. As an affirmative defense, it asserted that Plaintiff was only a minimal owner of the heir property, to which he succeeded while it was already burdened with the servitude or public right-of-way. The Levee Board claimed that Plaintiff is thereby estopped from asserting that no such right-of-way exists. It also asserted that any ingress and egress upon the right-of-way was not a trespass since it is a public servitude, the location of which was agreed upon by the parties.
The Levee Board claimed that Plaintiffs petition failed to state a cause of action because the right-of-way, originally established in 1937, is a public servitude for right of passage which is still in effect and that Plaintiff cannot state a cause of action to prohibit the use by the Levee Board or its lessees. It further claimed that Plaintiff failed to join his co-owners in the suit; therefore, the petition is subject to the exception of nonjoinder of parties. It also claimed that Plaintiff lacked procedural capacity to sue in a representative capacity for the other landowners because he was not authorized by them to do so and because his authority to seek a remedy that would affect all of the other eojowners4 of the property had not been established.
At the February 2, 2012 hearing on the preliminary injunction, in a strange turn of events, the trial court admitted both oral and documentary evidence and considered the merits of the request for preliminary injunction prior to ruling on the exceptions filed by the Levee Board.[1] After the evidence was presented, including documents conveying land to Plaintiffs ancestors in title and a map of the subject property, the trial court rendered judgment in open court finding that Plaintiff had not met the required burden of proof of irreparable injury and, therefore, denied the request for preliminary injunction.
*315 Despite having addressed the merits of the request for preliminary injunction, the trial court then considered the peremptory exception of no cause of action. In deciding to sustain the exception, the trial court considered the language of the ancestor’s deed that attempted to establish the right-of-way and then stated:
It appears to me that there was an intent to establish a twenty foot right-of-way across Lots one, two and three in favor of the public. Where that is, I don’t know. So, going to the Exception of No Cause of action ... there has to be a showing that there was in fact a trespass, and to me, that has not been shown today because there’s a possibility that there is in fact a public servitude across the property in question. Which servitude, I believe is imprescriptible.
The trial court also sustained the exceptions of nonjoinder of parties Land lack of procedural capacity. It indicated that the parties would be back in court for a hearing on the request for a permanent injunction and suggested that they work toward an amicable resolution. Counsel for the Levee Board expressed confusion as to the trial court’s ruling and asked, “If you granted all of those exceptions, wouldn’t his suit be dismissed?” The trial judge answered:
You’re probably right, Ms. Killen. At least on the Exception of No Cause of action it would be. If the Non Joinder under 641 and 642 is in fact a peremptory, then that would mean a dismissal also. So, I guess what you can say is that my reasoning on the Preliminary Injunction was dicta.
Plaintiffs attorney requested that the trial court declare its ruling on the preliminary injunction as final and appealable so that he could “seek whatever other remedy that may be available.”[2] The trial court clarified that it was sustaining the exception of no cause of action and the others, noting that the suit would be dismissed. A written judgment was signed on March 5, 2012, denying the preliminary injunction for failure to meet the necessary standard of proof and .sustaining the exceptions of no cause of action, nonjoinder of parties and lack of procedural capacity.[3]
Plaintiff appeals the ruling of the trial court.[4]
[ «DISCUSSION

Exception of No Cause of Action

Plaintiff argues that the trial court erred in sustaining the peremptory exception of no cause of action, contending that, as the sole landowner of most of the property at issue in this lawsuit and as an owner in indivisión of the 82-acre portion of Lots 1 and 2, he has stated a cause of action to prevent the trespass over his *316 property. His petition states that he farms all of the property at issue and sets forth the damage done to him as a result of this trespass. He argues that, clearly, as the landowner who contends that people are trespassing on his property, he has stated a cause of action to prevent them from continuing their actions which harm him.
The Levee Board argues that the trial court did not err in sustaining the exception of no cause of 'action because it “proved” that it possessed a servitude granting it a right of ingress and egress and Plaintiff offered no evidence at the hearing to the contrary. It claims that, even if the well-pleaded facts of the petition are taken as true, on the face of the petition, Plaintiff is still not entitled to the relief sought.
La. C.C.P. art. 931 concerns evidence on the trial of a peremptory exception and states that no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Cleco Corp. v. Johnson, 01-0175 (La.9/18/01), 795 So.2d 302.
The peremptory exception of no cause of action is designed to test the |7legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Fink v. Bryant, 01-0987 (La.11/28/01), 801 So.2d 346. The exception is triable on the face of the petition; and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Cleco Corp., supra; Fink, supra. In reviewing a trial court’s ruling sustaining an exception of no cause of action, the appellate court should conduct a de novo review because the exception raises a question of law and the trial court’s decision is based only on the sufficiency of the petition. Id. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Id. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Indus. Cos., Inc. v. Durbin, 02-0665 (La.1/28/03), 837 So.2d 1207.
Trespass is defined as an unlawful physical invasion of the property or possession of another person. Davis v. Culpepper, 34,736 (La.App.2d Cir.7/11/01), 794 So.2d 68, writ denied, 01-2573 (La.12/14/01), 804 So.2d 646. A trespasser is one who goes upon another’s property without his consent. Id. A person damaged by trespass is entitled to full indemnification. Id.; Powell v. Dorris, 35,510 (La.App.2d Cir.4/5/02), 814 So.2d 763.
In the case at bar, Plaintiff is the owner of certain property. The Levee Board owns the property located west of his property and ■ leases it to Mr. Isaac. Mr. Isaac and others under his direction or with his permission drove vehicles | sacross Plaintiffs land without his permission and against his express instructions not to do so. Plaintiff does not “admit” that any servitude exists in favor of the Levee Board. Instead, he states that, “If a right of passage ... is due” it should be across the land of an adjoining landowner.[5] He *317 does not request that the servitude be located or designated at any point on his property. He states that the continued trespass has caused him damage and economic harm; and, for those reasons, he sought an injunction prohibiting the trespass.
The de novo review of the allegations of Plaintiff’s petition shows that Plaintiff has stated a cause of action upon which some relief may be granted in that he has requested that the Levee Board and its lessees be enjoined from trespassing on his property and for damages caused to his crops and land as a result of the trespass. The trial court erred in sustaining the exception of no cause of action when it considered the Levee Board’s affirmative defense that Plaintiffs ancestors in title had agreed to a 20-foot right-of-way somewhere across the property. Only the well-pleaded facts of the petition were at issue on the exception of no cause of action.
For these reasons, we find that Plaintiffs assignment of error with regard to the exception of no cause of action has merit.

Nonjoinder of Parties

Plaintiff argues that the sustaining of the exception of nonjoinder of parties was an error because he is an owner of 365 acres at issue in this case and an owner of a portion of Lots 1 and 2, through which the Levee Board and | pits lessees are trespassing. He asserts that it was not necessary to join all the heirs in this claim to prevent trespassing, even on the co-owned property, because he has his own right to prevent the damage being done to his land and crops, although he owns some of the property in indivisión with others.
The Levee Board argues that the trial court correctly sustained its peremptory exception of nonjoinder of a party because Plaintiff failed to join other co-owners who have an interest in the issue of this litigation. In support of this argument, it cites La. C.C.P. art. 641 and claims other co-owners of Lots 1 and 2 are indispensable parties without whom complete relief cannot be accorded and that the presence of these other landowners in the suit is absolutely necessary to protect substantial rights.
The Levee Board claims that none of Plaintiffs co-owners have joined in the filing even though Plaintiff “is attempting to address the location of a right-of-way servitude and to recover damages without joining the other co-owners in indivisión.” It argues that an adjudication of this action without all co-owners would impair or impede their ability to protect their interest in their property.
La. C.C.P. art. 641 concerns joinder of parties needed for just adjudication and states that a person shall be joined as a party in an action when, either in his absence complete relief cannot be accorded among those already parties, or when he claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence will impair or impede his ability to protect that interest or leave persons already parties subject to substantial risk of incurring multiple or inconsistent obligations.
11ftLa. C.C. art. 800 states that a co-owner may, without the concurrence of any other co-owner, take necessary steps for the preservation of the thing that is held in indivisión. La. C.C. art. 802 states that, *318 except as otherwise provided in Article 801, a co-owner is entitled to use the thing held in indivisión according to its destination, but he cannot prevent another co-owner from making such use of it. As against third persons, a co-owner has the right to use and enjoy the thing as if he were the sole owner. The comment to La. C.G. art. 802 states:
Articles 800, 801, and 802 (supra) work modifications on the terms of Civil Code Article 477 (Rev.1979) in the light of the interests of all the co-owners. Thus a co-owner has neither a right to exclusive use nor a right to dispose of the thing without the consent of his co-owners. However, as against third persons, a co-owner has the right to use and enjoy the thing as if he were its sole owner. For ■example, a co-owner may alone take all the necessary steps for the preservation of the property, including the institution of suits against trespassers or usurpers.
(Emphasis added.)
The comment to La. C.C. art. 802 specifically addresses the issue presented in this case regarding whether the trial court erred in sustaining the exception of non-joinder of parties when Plaintiff failed to have all co-owners of the heir property join him in his suit to prevent the Levee Board and its lessees from trespassing oh his property.
It should be noted that Plaintiff has not requested that the alleged servitude or right-of-way be designated or located on his property in this suit. He has prayed only that the Levee Board and its lessees be enjoined from trespassing on his property and that he be recompensed for damages he sustained as a result of the trespass. As a landowner, even as to the land owned Inin indivisión, Plaintiff has the right to protect his property rights, without regard to what the other co-owners want to do with their interests. He need not join other co-owners in his suit to enforce his own rights as landowner.
For these reasons, we find that Plaintiffs assignment of error in regard to the exception of nonjoinder of parties has merit.

Lack of Procedural Capacity

Plaintiff argues that the trial court erred in sustaining the exception of lack of procedural capacity because that exception requires him to only be a competent major in order to file suit. He asserts that he does not profess to represent anyone except himself; therefore, he does not need the permission or authorization of any other co-owner before he can file suit to prevent the trespass on any of the subject property.
The Levee Board argues that the trial court was correct in sustaining the dilatory exception of lack of procedural capacity because Plaintiff, in a representative capacity, sought remedies for others when he is not authorized to do so. It asserts that, once it challenged Plaintiffs procedural capacity or authority to sue on behalf of others, Plaintiff bears the burden of proof of his authority or qualification. Without such a showing, it claims that any adjudication of the matter would be null and void.
La. C.C.P. art. 926 defines the declinatory exceptions and includes the ex-ceptión of lack of procedural capacity. La. C.C.P. art. 682 states that a competent major and a competent emancipated minor have the procedural capacity to sue. Lack of procedural capacity is a dilatory exception which tests a party’s legal capacity to bring an action or to have one brought against it. Dejoie v. Medley, 41,333 (La. App.2d Cir.12/20/06), 945 So.2d 968.
112Plaintiff is a competent .major, capable of suing on his own behalf to prevent the *319 trespass of property he owns. He does not claim to have brought the suit on behalf of his co-owners and has every right' to assert this action alone. We find that the trial court erred in sustaining the dilatory exception of lack of procedural capacity; and, therefore, the assignment of error concerning Plaintiffs procedural capacity has merit.

Denial of the Preliminary Injunction

Despite the trial court’s oral opinion at the hearing that, once it sustained the peremptory exceptions of no cause of action and nonjoinder of parties the ruling denying the preliminary injunction was dictum, the written judgment presented to this court for review specifically states that the preliminary injunction was denied because Plaintiff failed to meet his burden to show irreparable injury and the suit was dismissed. The denial of a preliminary injunction is an appealable judgment. See La. C.C.P. art. 3612. For that reason, it is incumbent upon this court to review all issues presented in the written judgment and from which the appeal has been taken.
Plaintiff raises errors relating to the trial court’s judgment on the basis that it grants the Levee Board relief for which it never prayed. Specifically, Plaintiff asserts that the result of the judgment is that the Levee Board has proven a right to cross his property, that he has no remedy to prevent the trespassing and that a right-of-way existed other than the one drawn on the map referred to as Whitlock Road.
In regard to Plaintiffs assertion that the trial court’s ruling resulted in certain findings of fact in the denial of the preliminary injunction, the Levee Board argues that Plaintiffs argument is irrelevant “as the District Court never 11sgot to the merits of this suit.” It claims the exceptions were ruled on and the suit was dismissed before the merits of the suit needed to be addressed. Nevertheless, the Levee Board contends that “the record clearly shows that the public has a right-of-way servitude on and through plaintiffs land and that right-of-way ... has been evidenced in three separate conveyances, including the conveyance where plaintiff received his interest in the property.”
In Richland Parish Police Jury v. Debnam, 47,159 (La.App.2d Cir.4/18/12), 92 So.3d 487, the Richland Parish Police Jury, as owner of a dominant estate, sued the owner of a servient estate who had created a dam on his property and impeded the natural flow of water from the police jury’s dominant estate over his servient estate. The police jury sued to enjoin the defendant from impeding the flow of water, to remove the dam and for money damages. The defendant claimed the police jury was not entitled to an injunction because it had prayed for a money judgment and could not show irreparable injury.
This court stated that La. C.C.P. art. 3601, the usual statutory grounds for the issuance of an injunction, provides in pertinent part that an injunction shall issue in cases where irreparable injury, loss or damage may otherwise result to the applicant, or in other cases specifically provided by law. An injunction to protect a servitude, however, is authorized under La. C.C.P. art. 3663. Specifically, section 2 of that article allows a person injunctive relief to protect or restore possession of immovable property or of a real right in immovable property of which he claims ownership, possession or enjoyment. A preliminary injunction brought pursuant to La. C.C.P. art. 3663 does not require a showing of irreparable harm. Richland Parish Police Jury, supra, citing Monroe Real Estate & Dev. Co. v. Sunshine Equip. Co., 35,555 (La.App.2d Cir.1/23/02), 805 So.2d 1200.
*320 In Willis-Knighton Health Sys., Inc. v. Northwest La. Council of Gov’ts, 48,141 (La.App.2d Cir.4/10/13), 116 So.3d 55, writ denied, 13-1325 (La.11/15/13), 125 So.3d 1103, this court stated that, when the act sought to be enjoined is unlawful or a deprivation of constitutional rights is involved, a showing of irreparable injury is not necessary. The trial court has great discretion in granting or denying a preliminary injunction. Id.
In Walker Lands, Inc. v. East Carroll Parish Police Jury, 38,376 (La. App.2d Cir.4/14/04), 871 So.2d 1258, writ denied, 04-1421 (La.6/3/05), 903 So.2d 442, this court stated that it is well settled that a court of appeal should not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Id., citing Stobart v. State through Dept. of Transp. & Dev., 617 So.2d 880 (La.1993). The reviewing court must do more than just simply review the record for some evidence which supports or controverts the trial court’s findings; it must, instead, review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous. Id. The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Id., citing Cosse v. Allen-Bradley Co., 601 So.2d 1349 (La.1992). If the trial court’s findings are reasonable in light Of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Id., citing Housley v. Cerise, 579 So.2d 973 (La.1991).
After a thorough review of the record in this case, we find that the trial 1 ificourt misunderstood the relief Plaintiff was seeking, which was simply a ruling that the Levee Board and its lessees were trespassing on his property, that an injunction issue prohibiting such action and that, if damages were proven, compensation be awarded for those damages. Plaintiff did not admit that the right-of-way existed. In fact, his entire claim is based on the assertion that the Levee Board and its lessees have no right to traverse his land.
The Levee Board has only asserted an affirmative defense that some type of right-of-way had been acquired by virtue of the 1937 deed. The right-of-way across Lots 1, 2 and 3 was not shown to have been established between 1937 and 1947. Contrary to the Levee Board’s assertion that it “proved” the right-of-way existed, we point out that, not only did the Levee Board never prove that, it never prayed for any relief recognizing that the right-of-way has always existed, and is in existence today and is located at a certain spot.[6] That is a burden of proof that the Levee Board must meet in defense of its claim that it is not trespassing on Plaintiffs property.
The only finding of fact the trial court made at the hearing on the preliminary injunction was that, from the documents introduced that day, there was a “possibility that there is in fact a public servitude across the property in question” and that it was the trial court’s opinion that the servitude was imprescriptible. As the Levee Board pointed out, the' trial court did not reach the merits of this suit for trespassing and did not render any judg *321 ment addressing the issues raised. We agree that there are many issues left to be resolved, including, among others, the alleged right-of-way, the Levee Board’s hsproof that its entitlement to the right-of-way still exists so that it and its lessees are not trespassing on Plaintiffs land, and why Whitlock Road is not to be considered the road established pursuant to the 1937 deed. Despite the number of issues left to be resolved, the case was totally dismissed by virtue of the denial of the preliminary injunction and the sustaining of the peremptory exceptions.
The trial court denied Plaintiffs request for a preliminary injunction based on an incorrect standard of proof. Plaintiff did not need to prove irreparable injury under La. C.C.P. art 3663 because this is a suit to protect or restore possession of immovable property or of a real right in immovable property of which he claims ownership, possession or enjoyment.
Therefore, we find that the assignments of error concerning the judgment in the Levee Board’s favor and the dismissal of Plaintiffs suit have merit.
Based on the foregoing, we find that the trial court abused its discretion in denying the preliminary injunction and in dismissing Plaintiffs suit, even though the court acknowledged that there should be another hearing on the request for a permanent injunction. Since the suit was dismissed, Plaintiff could not pursue the request for the permanent injunction. Plaintiff provided enough evidence to show he was entitled to a preliminary injunction and was not required to show irreparable injury. Further, Plaintiff has clearly stated a cause of action to prevent the alleged trespass; he has the right as the sole owner of most of the property and as an owner in indivisión of the heir property to prevent the trespass, and he has not claimed to be asserting this action on behalf of anyone else.

^CONCLUSION

Based on the foregoing, the judgment of the trial court sustaining the peremptory exceptions of no cause of action and non-joinder of parties and the dilatory exception of lack of procedural capacity, and the denial of the preliminary injunction in favor of Defendants, Fifth Louisiana District Levee Board and Jamie Isaac, and dismissing the suit against them, is hereby reversed. A preliminary injunction is entered in favor of Plaintiff Don E. Whitlock, and against Defendants Fifth Louisiana Levee District and its lessee, Jamie Isaac, prohibiting them from entering Plaintiffs property until the ruling on the permanent injunction and trespass is rendered. This matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal in the amount of $2,893.92 are assessed to Defendant, Fifth Louisiana District Levee Board.
REVERSED AND REMANDED. PRELIMINARY INJUNCTION GRANTED.

. At the hearing, Plaintiff testified that the gravel road was the only public road located through the property in his lifetime, and there was never a public road going down the side of the heir property (which would be from east to west). He stated that he discussed the location of the right-of-way with Levee Board President Minsky and that he had been presented with “a document that shows there was a right-of-way between lots one and two.” He later stated that the document actually said there was a 20-foot right-of-way "through lots one, two and three at the time the succession was done.” Plaintiff further stated that, when he met with Mr. Minsky to choose the location of the right-of-way, he only agreed to grant temporary access through his property until he had the opportunity to research "what kind of a right-of-way option was in my property.” He testified that he absolutely did not intend to grant a permanent right-of-way to Mr. Isaac.

. An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or. final injunction. La. C.C. P. art. 3612.

. Needless to say, this judgment puts this case in a very strange procedural posture.

. On April 4, 2012, Plaintiff filed a timely petition for a devolutive appeal from the judgment of the trial court. The trial court granted the order of appeal and stated in the order that it was “returnable in the Court of Appeal, Second Circuit, ... forty five days after payment of costs.” Nothing happened with the appeal until March 22, 2014, when Plaintiff’s attorney sent a letter to the Clerk of Court stating, “As you can see from the attached copy of the Judge’s order that an appeal is granted forty-five days after cost is paid. Here are the costs." He asked the clerk to prepare the process for appeal. No one formally objected to the lapse of time between the granting of the appeal and the payment of costs by filing a motion to dismiss the appeal, in accordance with La. C.C.P. art. 2126. Because appeals are favored in the law, we choose to address the merits of this appeal.

. This appears to be an anticipatory defense referencing the right to a legal servitude in *317 favor of an enclosed estate and is not an admission that such a servitude or right of passage exists.

. In fact, there was evidence to the contrary admitted at the hearing, including Plaintiffs testimony that no one else had ever tried to enter Swan Lake through his property and, pursuant to the 1937 deed, there had never been any road on the property established for the public except for the gravel road which became known as Whitlock Road.