COX, J.
*463 Sharon Jackson filed a petition for damages on behalf of her minor daughter, Z.J., against the Minden Police Department and City of Minden (collectively referred to as "the City"). The trial court granted the City's exception of no cause of action. Ms. Jackson appeals. For the following reasons, we reverse and remand for further proceedings.
FACTS
On May 1, 2016, Ms. Jackson took her 15-year-old daughter, Z.J., to Minden Medical Center to report a sexual abuse. The staff at Minden Medical called the Minden Police Department. After waiting approximately two hours for the two officers to arrive, both Ms. Jackson and Z.J. spoke with the officers and agreed to a rape kit testing procedure. However, no rape kit testing was performed on Z.J. Ms. Jackson stated in the petition that one of the officers said he did not think that the rape kit testing needed to be done. Z.J. was discharged from the hospital and no further investigation was conducted. Z.J. was admitted to Minden Medical the next day, on May 2, 2016, after she attempted suicide.
Ms. Jackson filed a petition for damages against the City on May 1, 2017. She claimed that as a result of the officers' failure to follow mandatory investigation requirements, any chance of securing evidence was lost and Z.J. was left feeling "dejected and drowning in despair." She claimed that the actions of the officers constituted gross negligence, a violation of the duty to uphold public safety, and a violation of the duty to abide by mandatory investigative and reporting requirements.
On June 21, 2017, the City moved for a dismissal on the basis that Ms. Jackson's petition failed to state a cause of action. The City argued that the duty to collect and preserve evidence in a criminal investigation is directed toward the general public, and does not encompass the risk of harm at issue here-that the victim will suffer distress because the suspect is not prosecuted.
On September 7, 2017, the trial court granted the City's exception of no cause of action. The trial court found that the heightened, specific duty triggered when the victim is a child in need of care was not supported by the evidence presented in this case. Ms. Jackson was given 30 days to amend her pleadings.
Ms. Jackson filed her first amended petition for damages on October 3, 2017, expanding upon her previous arguments and listing the following damages: negligent infliction of genuine and serious emotional distress; negligent infliction of mental anguish and emotional distress; loss of enjoyment of life; loss of income; and, medical expenses.
In response, the City filed an exception of no cause of action, arguing Ms. Jackson failed to state a cause of action because there were no proper allegations that Z.J. was a child in need of care. The City argued it was the hospital's responsibility to conduct the rape kit, and there were no *464 facts alleging the officer ordered the hospital not to complete the testing. It also referenced its previous argument that the police officer's duty to investigate is a general duty to the public.
On December 5, 2017, the trial court granted the City's exception of no cause of action and dismissed with prejudice all claims against the City.[1] Ms. Jackson now appeals the trial court's judgment, requesting her cause of action be reinstated.
DISCUSSION
Before addressing Ms. Jackson's arguments, we note that this is a tragic situation. Based on the limited record before us, we are extremely disappointed in how this child's complaint was handled. Any alleged crime against a child deserves to be taken seriously and handled professionally.
Ms. Jackson submits three assignments of error for our review, which will all be discussed together. First, she argues the trial court erred when it failed to recognize that Z.J. qualified as a child in need of care on May 1, 2016. Next, she argues the trial court erred in ruling that no heightened, specific duty was owed to Z.J. in this case. Finally, Ms. Jackson argues Dennis v. Wiley , 2009-0236 (La. App. 1 Cir. 9/11/09), 22 So.3d 189, writ denied , 2009-2222 (La. 12/18/09), 23 So.3d 949, is not controlling in this matter.
The City argues that Ms. Jackson's petition contained conclusory allegations, which must be disregarded by the court. It contends the remaining allegations are insufficient to state a cause of action. The City points out that there is no factual allegation that an investigative file was not sent to the district attorney's office. It also argues that it is the hospital's responsibility to perform the rape kit and highlights that there is no allegation that the officer stopped the hospital from conducting the rape kit. Additionally, the City argues Z.J. does not fall under the description of a child in need of care because there is no allegation that the abuse was perpetrated, aided, or tolerated by the parent or caretaker. Finally, the City argues the Dennis case for the contention that law enforcement duties are general in nature and not for the benefit of the victim.
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Whitlock v. Fifth Louisiana Dist. Levee Bd ., 49,667 (La. App. 2 Cir. 4/15/15), 164 So.3d 310. The exception is triable on the face of the petition; and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Cleco Corp. v. Johnson , 2001-0175 (La. 9/18/01), 795 So.2d 302. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court should conduct a de novo review because the exception raises a question of law, and the trial court's decision should be based only on the sufficiency of the petition. Dhaliwal v. Dhaliwal , 49,973 (La. App. 2 Cir. 11/25/15), 184 So.3d 773, writ denied , 2016-0236 (La. 4/4/16), 190 So.3d 1204.
The purpose of Louisiana Children's Code Title VI, "Child in Need of Care," is to protect children whose physical or mental health and welfare is substantially at risk of harm by physical abuse, neglect, or exploitation and who may be further threatened by the conduct of others, by providing for the reporting of suspected *465 cases of abuse, exploitation, or neglect of children; by providing for the investigation of such complaints; and, by providing, if necessary, for the resolution of child in need of care proceedings in the courts. This Title is intended to provide the greatest possible protection as promptly as possible for such children. The health, safety, and best interest of the child shall be the paramount concern. La. Ch. C. art. 601.
Louisiana Children's Code article 601 is to be construed in accordance with article 102, which provides, "The provisions of this Code shall be liberally construed to the end that each child and parent coming within the jurisdiction of the court shall be accorded due process[.]"
A "child" is a person under eighteen years of age, who has not been emancipated. La. Ch. C. art. 603(6). "Abuse" includes the involvement of the child in any sexual act with a parent or any other person . La. Ch. C. art. 603(2) (Emphasis added).
Title VI of the Louisiana Children's Code includes mandatory reporting procedures for child abuse, regardless of whether or not the alleged perpetrator is a parent or caretaker. La. Ch. C. art. 610 (Emphasis added). Title VI also includes mandatory investigation procedures. The applicable portion of La. Ch. C. art. 615.1 states (with emphasis added):
A. When a law enforcement agency receives a report of a crime involving sexual abuse of a child, including but not limited to those received pursuant to Louisiana Children's Code Article 610(E)(3), the law enforcement agency shall :
(1) Maintain a report containing all information listed in Louisiana Children's Code Article 610(B) and (C), if known, and conduct a full investigation of the allegations.
(2) Maintain the confidentiality of the identity of the reporter in accordance with R.S. 46:56.
(3) After investigation of the report of child sexual abuse by the law enforcement agency having jurisdiction over the reported incident, send the investigative file to the district attorney for review whether or not an arrest is made.
The word "shall" is mandatory, and the word "may" is permissive. La. Ch. C. art. 107.
In Dennis v. Wiley, supra , an adult rape victim brought a suit against the sheriff's office for negligent infliction of mental anguish and emotional distress after the sheriff's office incorrectly disposed of all evidence from her aggravated rape case. The Louisiana First Circuit stated:
The Sheriff's Office is charged with a general duty to preserve peace and apprehend criminal offenders. LSA-R.S. 33:1435. Nothing in that general duty is designed to protect the individual victim of a crime from emotional distress or mental anguish that may result from the knowledge that evidence of the crime has been negligently misplaced or mistakenly destroyed. Likewise, nothing in that general duty is designed to benefit an individual victim of a crime so that the victim may someday pursue a civil suit or some other legal remedy. Obviously, the proper preservation of criminal evidence is necessary for the successful apprehension and prosecution of criminals. However, it is apparent that the duty to preserve evidence obtained in a criminal investigation is directed toward the general public to aid in maintaining public order, as well as for the benefit of the District Attorney so that criminal suspects can be more readily apprehended and successfully prosecuted.
Id.
We find Dennis v. Wiley, supra, to be distinguishable from the case before us. The Dennis case involved an adult, whereas the case before us involves a child. In *466 the Dennis case, the officers investigated and gathered evidence before disposing of the evidence years later. The case before us does not involve the general duty of preserving evidence for prosecution, but whether or not the Children's Code imposes a more narrow duty to investigate when the assault victim is a child. Additionally, the Dennis case was decided after a trial on the merits. In the case before us, discovery has yet to be conducted or completed.
Title VI of the Children's Code is designed to protect children from abuse or exploitation of others. Louisiana Children's Code article 606 lists the grounds to allege a child is in need of care. The City argues a child must fall under article 606 in order for Title VI to apply, and in this case, Z.J. was not the victim of abuse perpetrated, aided, or tolerated by the parent or caretaker. We do not agree with this argument.
Various articles within Title VI deal with abuse that is not perpetrated by a family member or household member, including the definitions, where to report, and who must investigate. La. Ch. C. arts. 603 and 610. The purpose of Title VI is not only to protect a child who could be categorized as a "child in need of care," but also to protect all children from abuse by providing mandatory reporting and investigation requirements, as stated in article 601. In protecting the child, it may be necessary to allege the child is in need of care in order to remove the child from the perpetrator's home. If the legislature intended that Title VI only apply to children who fall under the definition of child in need of care in article 606, there would be no need to include the mandatory reporting and investigation of abuse when the perpetrator was not a parent, caretaker, or household member. Additionally, there would be no need to include "any other person" as a perpetrator under the definition of abuse.
Title VI requires the mandatory reporting and investigation of all child abuse, regardless of the relationship to the perpetrator. For this reason, we find Z.J. falls under the protections and requirements of Title VI. Title VI creates mandatory investigation procedures when law enforcement receives a report of a crime involving the sexual abuse of a child. La. Ch. C. art. 615.1. The law enforcement agency is not given discretion in deciding whether or not to investigate the report. The purpose of the Children's Code is that each child be afforded due process and care, guidance, and control that will be conducive to his or her welfare. La. Ch. C. art. 102 (Emphasis added). Therefore, we find there is a heightened, mandatory duty to investigate, which is owed to each child.
Ms. Jackson's allegations in her petition, accepted as true, state the officer declined to proceed with the investigation by stating a rape kit test did not need to be performed. Z.J. was discharged without any further investigation. For this reason, we find Ms. Jackson has stated a cause of action against the City of Minden.
CONCLUSION
We reverse the trial court's granting of the City's exception of no cause of action and remand to the trial court for further proceedings. Costs of this appeal are assessed to the City of Minden in the amount of $ 1,107.68. La. R.S. 13:5112.
REVERSED AND REMANDED.
APPLICATION FOR REHEARING
Before Daniel Milton Moore III, Frances Jones Pitman, Jeanette Giddens Garrett, Jeff Cox - Writing, and E. Joseph Bleich, JJ.
Rehearing denied.

The trial court noted that the City of Minden was wrongly identified in the petition for damages as the "Minden Police Department."