NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2023 CA 1232

## ROGER GILMORE

## VERSUS

## HOLIFIELD SPORTSMAN PROPERTIES, LLC AND WISDOM FIELD, LLC

*Judgment Rendered:* JUN 1 4 2024

\*\*\*\*\*\*\*\*

Appealed from the 20th Judicial District Court
In and for the Parish of West Feliciana
State of Louisiana
Case No. 24561

The Honorable Katherine E. Jones, Judge Presiding

\*\*\*\*\*\*\*\*

| | |
|---|---|
| Kenneth L. Blanchard, Jr.<br>Plaquemine, Louisiana | Counsel for Plaintiff/Appellant<br>Roger Gilmore |
| Michael R. Hubbell<br>Thomas R. Temple, Jr.<br>Alexa N. Candelora<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Holifield Sportsman Properties, LLC |
| Jacques R. Waguespack<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Wisdom Field, LLC |

\*\*\*\*\*\*\*\*

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

Guidry, C.J. Agrees and assigns additional reasons.

**LANIER, J.**

In this suit over interference with an existing conventional predial servitude and a claim over a servitude acquired through acquisitive prescription, the plaintiff/appellant, Roger Gilmore, appeals the judgment of the Twentieth Judicial District Court, which sustained peremptory exceptions raising the exception of nonjoinder filed by the defendants/appellees, Holifield Sportsman Properties, LLC (Holifield) and Wisdom Field, LLC (Wisdom), and dismissed Mr. Gilmore's petition without prejudice. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

Mr. Gilmore is an undivided co-owner, with several of his relatives, of a contiguous tract of land that is subdivided from the former Carver Plantation in West Feliciana Parish (the Carver tract). Wisdom is the owner of a tract subdivided from the former Wisdom Field Plantation (the Wisdom tract) that borders the Carver tract to the northeast. Holifield is the owner of a tract subdivided from the former Bush Hill Plantation (the Bush Hill tract) that borders the Carver tract to the southeast.

By servitude agreement dated December 11, 1975, and recorded in the conveyance records of the Parish of West Feliciana, Wisdom's ancestor in title granted a 60-foot conventional predial servitude of passage to Mr. Gilmore's ancestor in title. The servitude was situated on what was described as an "ancient" gravel road that extended from the southern tip of the Carver tract and ran east to Sligo Road. The road ran adjacent and parallel with the northern border of the Bush Hill tract, crossing a small portion of it, and traversed the southernmost portion of the Wisdom tract. Additionally, Mr. Gilmore claimed that he and his co-owners acquired ownership of a servitude through 30 years' acquisitive prescription for the portion of the road that ran though the Bush Hill tract.

Mr. Gilmore alleged that sometime in the spring of 2022, Holifield, with the knowledge and consent of Wisdom, but not with the knowledge and consent of Mr. Gilmore and his co-owners, demolished the ancient road and constructed a new driveway. Mr. Gilmore alleged that the new driveway was built within the conventional servitude, partially on the Bush Hill tract and partially on the Wisdom tract. He further claimed that the driveway was built solely to serve the Bush Hill tract, and in no way serves the Carver tract or the Wisdom tract.

Mr. Gilmore further alleged that Holifield constructed a new and separate roadway to the north of the ancient road, not located within the servitude, which Mr. Gilmore and his co-owners must use to access the Carver tract. Mr. Gilmore claimed the new roadway is of a lesser quality than the ancient road, in that it would have to be hardened so that Mr. Gilmore could transport heavy equipment to the Carver tract.

Mr. Gilmore also alleged that after Holifield built the new driveway over the ancient road in the servitude, it then built masonry improvements and landscaping on the portions of the road that had crossed the Bush Hill tract and the Wisdom tract. Mr. Gilmore claimed that these improvements posed as obstacles and interfered with his passage upon the servitude.

On February 22, 2023, Mr. Gilmore filed a petition, in which he made all the aforementioned allegations, and also claimed that Holifield did not have the right to destroy the ancient road and build improvements upon it in the Bush Hill tract because of the predial servitude in favor of the Carver tract that was acquired through 30 years' acquisitive prescription. Further, Mr. Gilmore claimed that Wisdom did not have the right to relocate the servitude, which was codified by the servitude agreement of 1975.[1] Mr. Gilmore prayed for a declaratory judgment that

---

[1] The servitude agreement was attached to the petition.

recognized the existence and validity of the 1975 servitude, and that Holifield and Wisdom restore the servitude to its previous location, condition, and usefulness.

On April 18, 2023, Holifield filed a peremptory exception raising the objection of nonjoinder, arguing that Mr. Gilmore had failed to join the co-owners of the Carver tract as plaintiffs. Since the co-owners were essential parties, as Holifield claimed, Holifield requested the district court to either order Mr. Gilmore to join all the co-owners into the litigation, or dismiss Mr. Gilmore's petition. On June 12, 2023, Wisdom filed its own peremptory exception raising the objection of nonjoinder and incorporated Holifield's argument into its supporting memorandum.

On July 12, 2023, the district court rendered judgment in open court, granting Holifield's and Wisdom's peremptory exceptions raising the objection of nonjoinder. On August 10, 2023, the district court signed a judgment, which reiterated its ruling in open court and dismissed Mr. Gilmore's claims without prejudice. Mr. Gilmore filed a motion for appeal on August 24, 2023, challenging the aforesaid judgment. He alleges two assignments of error: that the district court erred in sustaining the two exceptions and in dismissing the suit.

## DISCUSSION

Louisiana Code of Civil Procedure article 641 states a person shall be joined as a party in the action when either: (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either (a) as a practical matter, impair or impede his ability to protect that interest, or (b) leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations. A party is indispensable only when the facts clearly establish that no complete or equitable

4

adjudication of the controversy can be made in his absence. *Goodwin v. Louisiana Department of Health*, 2018-1405 (La. App. 1 Cir. 5/31/19), 277 So.3d 816, 821.

A co-owner may without the concurrence of any other co-owner take necessary steps for the preservation of the thing that is held in indivision. La. C.C. art. 800. Against third persons, a co-owner also has the right to use and enjoy the thing as if he were the sole owner. La. C.C. art. 802. Comment (c) of La. C.C. art. 802 states, as an example, that "a co-owner may alone take all the necessary steps for the preservation of the property, including the institution of suits against trespassers or usurpers."

Additionally, a predial servitude may be acquired for the benefit of the dominant estate by an owner of that estate or any other person acting on his behalf. La. C.C. art. 735. Comment (a) of La. C.C. art. 735 specifically identifies a co-owner as one of the persons who may acquire a predial servitude for the benefit of the dominant estate. Comment (e) of the same article further states that a co-owner may acquire a predial servitude in favor of an estate owned in indivision, but the remaining co-owners may refuse to avail themselves of the servitude. One co-owner may therefore acquire the servitude to the benefit of the estate without the consent of the other co-owners, and the grantor of the servitude may not refuse to recognize the servitude on the ground that the other co-owners have not consented.

Parties to the litigation have the burden to join necessary persons; nonparties do not have the burden to intervene in actions to which they are required to be joined. *Stephenson v. Nations Credit Financial Services Corp.*, 1998-1688, 98-1689 (La. App. 1 Cir. 9/24/99), 754 So.2d 1011, 1021. Evidence may be introduced to support or controvert the objection of nonjoinder, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. The appellate court reviews the findings of the district court in accordance with the "abuse of discretion" standard of review. *Succession of Horrell*, 2021-0168 (La. App. 4 Cir.

5

11/17/21), 331 So.3d 1072, 1078, citing *Rayford v. National R.R. Passenger Corp.*, 2005-1273 (La. App. 4 Cir. 4/13/07), 962 So.2d 5, 9, writ denied, 2007-1021 (La. 8/31/07), 962 So.2d 439.

None of the parties introduced evidence at the hearing on July 12, 2023, either in support or in opposition of the peremptory exceptions of nonjoinder. Nevertheless, the district court, in its oral reasons, stated:

> [T]he other co-owners of the [Carver] tract are going to be affected because the determination that is requested in the petition determines ownership and location of the servitude. ... Mr. [Gilmore's] other co-owners may have a different opinion of legally where that servitude location should be. I have no idea if they do or don't, but they may. (R. 61)

However, no evidence was introduced to indicate that any of Mr. Gilmore's co-owners ever disputed the location of the conventional predial servitude at any time or would have cause to dispute its location. The district court erroneously assumed that the issue before it was the location of the servitude, but that was not claimed by Mr. Gilmore in his petition.

Mr. Gilmore claimed in his petition that the defendants had interfered with and denied him use of a conventional predial servitude that was established by an agreement by the ancestors in title dated December 11, 1975. Further, with respect to the portion of the servitude located in the Bush Hill tract, Mr. Gilmore alleged that a predial servitude was acquired by the co-owners of the Carver tract through 30 years' acquisitive prescription. There is no dispute in the record that Mr. Gilmore had acquired these two predial servitudes.

The alternate roadway that was built by Holifield for the Carver tract co-owners as an alternate route to and from their property is not part of the servitude, because it is not described by the original servitude agreement, and it is not located within the servitude. The description in the agreement of December 11, 1975,

6

gives the exact location of the conventional predial servitude, and that location is not disputed or contradicted by any other evidence in the record.

According to Mr. Gilmore's petition, the new driveway built by Holifield is contained within the 60-foot space that was once occupied by the ancient road, and the improvements built along that driveway would impede any kind of heavy equipment Mr. Gilmore or his co-owners would want to move along that servitude. While Mr. Gilmore has not presented evidence that his co-owners' interests and his interests are aligned in the instant suit, neither have the defendants presented evidence that the co-owners' interests are at odds with Mr. Gilmore's, whether by disputing the exact location of the servitude, or by acquiescing to the newly-built driveway and alternate roadway, or for any other reason.

For the aforementioned reasons, we find that the district court erred by assuming facts that are not in the record, and abused its discretion in sustaining the defendants' peremptory exceptions raising the objection of nonjoinder. We therefore reverse the decision of the district court, and remand for further proceedings. As such, Mr. Gilmore's second assignment of error, that the district court erred by not granting him the opportunity to amend his petition, is moot.[2]

## DECREE

The judgment of the Twentieth Judicial District Court, which sustained the peremptory exceptions raising the objection of nonjoinder filed by the appellees, Holifield Sportsman Properties, LLC and Wisdom Field, LLC, and dismissed without prejudice the petition of the appellant, Roger Gilmore, is reversed. All costs related to the instant appeal are assessed to the appellees.

**REVERSED.**

---

[2] We note that pursuant to La. C.C.P. art. 934, when the grounds of the objection pleaded by the peremptory exception may be removed by amendment to the petition, the judgment sustaining the exception shall order such amendment within a delay allowed by the district court. The district court therefore erred by not granting Mr. Gilmore such an opportunity to amend his petition by joining the other co-owners of the Carver tract.

7

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 1232

ROGER GILMORE

VERSUS

HOLIFIELD SPORTSMAN PROPERTIES, LLC AND WISDOM FIELD, LLC

**GUIDRY, C.J., agrees and assigns reasons.**

**GUIDRY, C.J., agreeing.**

I agree. I write further to emphasize that a co-owner has the right to protect his property rights, without regard to what the other co-owners want to do with their interests. A co-owner need not join the other co-owners in his suit to enforce his own rights and to merely preserve the property. See Whitlock v. Fifth Louisiana District Levee Board, 49,667, pp. 10-11 (La. App. 2d Cir. 4/15/15), 164 So. 3d 310, 318; see also Allain v. Shell Western E & P Inc., 99-0403, p. 12 (La. App. 1st Cir. 5/12/00), 762 So. 2d 709, 716.

1